PEOPLE v ROWELL

Docket No. 80162. Submitted January 22, 1986, at Lansing. Decided April 29, 1986.

Lennis J. Rowell was convicted, on his plea of guilty, of delivery of marijuana and of being an habitual offender, second offense, in the Bay Circuit Court. The court, John X. Theiler, J., sentenced defendant to three years probation with six months in jail. Defendant appealed, claiming error in the trial court's denial of his motion to dismiss the case based on the defense of entrapment. After filing his appeal with the Court of Appeals, defendant moved for a remand of the case to permit the presentation of newly discovered evidence and for a reconsideration of his motion to dismiss on the grounds of entrapment. The Court of Appeals remanded the case and the trial court, following a hearing, again denied defendant's motion to dismiss. *Held:*

Michigan follows the objective test for entrapment which focuses upon the government's behavior, not on a defendant's guilt or innocence or predisposition to commit the crime charged. In this case, the actions of the police and their informants, for whom the police promised lenient treatment by the prosecutor with regard to charges of delivery of marijuana and conspiracy against one of the informants if they would aggressively try to induce people to make drug sales to undercover police officers, were reprehensible and were of the type that could induce or instigate the commission of a crime by one, such as defendant, not ready and willing to commit it. The trial court therefore erred in denying defendant's motion to dismiss.

Reversed.

BRONSON, P.J., concurred in the result only.

REFERENCES

Am Jur 2d, Criminal Law §§ 183, 203, 205, 206.

Instructing on burden of proof as to defense of entrapment in federal criminal case. 28 ALR Fed 767.

Admissibility of evidence of other offenses in rebuttal of defense of entrapment. 61 ALR3d 293.

1. Criminal Law — Entrapment — Burden of Proof.

    A defendant, when claiming the defense of entrapment, bears the burden of proving entrapment by a preponderance of the evidence.

2. Criminal Law — Entrapment — Appeal.

    The Court of Appeals, in reviewing a trial court's ruling on a question of entrapment, will affirm the trial court's ruling in the absence of a clear error.

3. Criminal Law — Entrapment — Objective Test.

    The objective test for entrapment focuses upon the propriety of the government conduct which resulted in the charges against a defendant instead of upon the defendant's guilt or innocence or predisposition to commit the crime charged.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Karl K. Goodman*), for defendant on appeal.

Before: Bronson, P.J., and R. B. Burns and R. C. Kaufman,* JJ.

Per Curiam. Defendant appeals from his plea-based convictions for delivery of marijuana, MCL 333.7401(1) and (2)(c); MSA 14.15(7401)(1) and (2)(c), and being an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to three years probation with six months in jail.

Prior to pleading guilty, defendant moved to dismiss the charge on the grounds of entrapment. A hearing was conducted on February 6 and 7, 1984. At the end of these proceedings, the hearing was adjourned so defense counsel could present testimony of witnesses who were out of state at

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

the time. When the entrapment hearing was continued on April 3, 1984, defense counsel noted that, despite her due diligence, she had been unable to locate witnesses who were in Florida and Wisconsin. Two defense witnesses were presented and the court denied defendant's motion.

After filing an appeal with this Court, defendant moved to remand this case to the trial court to permit the presentation of newly discovered evidence and for reconsideration of defendant's previous motion to dismiss on the grounds of entrapment. This Court granted defendant's motion and a hearing was conducted. The trial court once again denied defendant's motion to dismiss.

The record in this case showed that Larry Weir had been arrested and charged with delivery of marijuana and conspiracy. Subsequently he and his girlfriend, Tammy Raymond, began working as informants for the Bay Area Narcotics Enforcement Team (BAYANET). Although no promises were made to him, Weir hoped he would receive leniency on the pending charges.

The informants were not told who to seek out; they made those decisions themselves. Both testified that the first time they approached defendant with regard to purchasing drugs was on August 30, 1983. A different drug deal they had arranged fell through and because their supervisor, Michael Larson, was present, Tammy Raymond went to Birney Park and located defendant. They returned to her house and Larson drove the defendant to a location where he purchased marijuana with Larson's money and turned it over to him.

Defendant's testimony contradicted that of the informants in one important way. He testified during the summer of 1983 he went to Birney Park three or four days a week. On those same days, Weir or Raymond asked him if he could

purchase marijuana and other drugs. They sometimes asked him two or three times a day. Defendant, just off probation, did not want to get involved.

Two witnesses corroborated defendant's statement about the pressure to obtain drugs put on him by the informants. Danny Garcia testified that Weir and Raymond kept "buggin'" defendant to purchase drugs but that defendant refused. Jerry Kelpinski, the formerly missing witness, lived across the street from Birney Park and during the summer of 1983 went there frequently. He was present on several occasions when Weir and Raymond asked the defendant to get marijuana for them. He estimated this occurred two to three times a week from May until August. Weir and Raymond also asked him and a friend, Terry Rowe, to get drugs for them.

At the conclusion of the hearing after remand, the court issued its opinion, which included the following:

> I was not content with Weir as a witness, as my original opinion indicated, but viewing it from the viewpoint that it is the defendant's motion, it has to be supported by evidence that preponderates. I found that the evidence that was produced there did not cause me to make such a finding of preponderance of the evidence. Accordingly, it was my finding that had—there had been no prior incidents. It is our opinion that with the new testimony, that the evidence now preponderates that there were prior solicitations by Weir and Raymond of the defendant. I don't still, find that the testimony of hundreds of such incidents to be persuasive, but I am satisfied that the evidence does preponderate that on at least a number of prior occasions that one or both of them did request the defendant to procure marijuana for them, and thus, to violate the law.

The court then denied defendant's motion to dismiss based on entrapment.

When claiming entrapment, the defendant bears the burden of proof by a preponderance of the evidence. The trial judge's decision is subject to appellate review under the "clearly erroneous" standard. *People v D'Angelo,* 401 Mich 167, 183; 257 NW2d 655 (1977). As a matter of state constitutional law, Michigan follows the objective test for entrapment stated in the dissenting opinion of Justice Stewart in *United States v Russell,* 411 US 423, 445; 93 S Ct 1637; 36 L Ed 2d 366 (1973):

> [G]overnment agents may engage in conduct that is likely, when objectively considered, to afford a person ready and willing to commit the crime an opportunity to do so.
>
> \*   \*   \*
>
> But when the agents' involvement in criminal activities goes beyond the mere offering of such an opportunity, and when their conduct is of a kind that could induce or instigate the commission of a crime by one not ready and willing to commit it, then—regardless of the character or propensities of the particular person induced—I think entrapment has occurred. For in that situation, the Government has engaged in the impermissible manufacturing of crime, and the federal courts should bar the prosecution in order to preserve the institutional integrity of the system of federal criminal justice. [Citations omitted.]

See *People v Turner,* 390 Mich 7; 210 NW2d 336 (1973).

Thus an entrapment challenge focuses upon the government's behavior, not on the defendant's guilt or innocence:

> As articulated above, the defense of entrapment in this state does not involve an assessment of

guilt or innocence and does not focus upon any susceptibility attributable to the accused. Essentially, a hard analysis of each entrapment case invariably leads to the conclusion that the accused is affirmatively alleging that, even if culpable, he should be insulated from prosecution due to the impropriety of the government conduct. The challenge focuses exclusively upon the nature of the police conduct which, if improper, will not be mitigated, justified or excused in any fashion by the disposition of the accused. [*D'Angelo, supra,* p 182.]

Defendant submits, and we agree, that in this case the actions of the police and their agents were reprehensible and were of the type that "could induce or instigate the commission of a crime by one not ready and willing to commit it." *Turner, supra,* p 21.

We find the present case to be remarkably similar to *People v Duis,* 81 Mich App 698; 265 NW2d 794 (1978), in which this Court found that the defendant was entrapped as a matter of law. In *Duis* the police used an informant who had felony charges pending against him to arrange drug purchases for them. The informant was not supervised and was allowed to select anyone. The police had not focused their attention on the defendant and did not investigate the defendant to ascertain if he was a drug dealer. Pressure to commit a crime was put on the defendant in the form of repeated requests to procure drugs. The sale of drugs was made to an undercover police officer whom the defendant had never met before he was introduced to the defendant by the informant at the time of the sale.

All the above facts were present in the instant case. If anything, the case for entrapment is stronger here than it was in *Duis* because the

informant in *Duis* pressured the defendant to procure drugs for only one day. Contrast this to the BAYANET informants, who pressured defendant continually over a long period of time.

We find the actions of the police and their informants in this case were appalling and constituted the type of activity that adoption of the objective test for entrapment was designed to prevent. See *People v Turner, supra,* p 21. The informants in this case were not promised a particular outcome but were told that the police would inform the prosecutor about their work. Thus, the informants were given strong incentive to aggressively try to induce people to make drug sales to the police. Accordingly, we hold that the trial court clearly erred in denying defendant's motion to dismiss.

To the extent that our decision conflicts with this Court's recent decision in *People v Crawford,* 143 Mich App 348; 372 NW2d 550 (1986), lv gtd 424 Mich 879 (1986) (review limited to question of whether the trial court erred by not dismissing the charges against the defendant where a preliminary examination was not held within twelve days of his arraignment), we decline to follow it. Our reading of *Crawford* leads us to believe that the panel, while stating they were using the objective test, actually used the subjective test for entrapment.

Reversed.

BRONSON, P.J., concurred in the result only.