## PEOPLE v GRACZYK

Docket No. 81643. Submitted September 4, 1986, at Detroit. Decided December 15, 1986. Leave to appeal denied, 428 Mich —.

Robert A. Graczyk was charged in Bay Circuit Court with delivery of marijuana. Defendant claimed entrapment. The trial court held an entrapment hearing and found that no entrapment had occurred. Defendant thereafter pled guilty and was sentenced, William J. Caprathe, J. Defendant appealed, contending again that he was entrapped.

The Court of Appeals *held:*

Police use in this case of a long-time friend of the defendant to induce defendant to deliver drugs by telling defendant of the friend's unemployment, financial, drug and alcohol problems was reprehensible police conduct which would have induced a person not ready to sell drugs to do so. The trial court clearly erred in finding that there was no entrapment.

Reversed.

1. CRIMINAL LAW — ENTRAPMENT.

Michigan has adopted the objective test for entrapment; the test is whether the actions of the police were so reprehensible that the court should refuse, for public policy reasons, to permit a conviction to stand.

2. CRIMINAL LAW — ENTRAPMENT.

Police conduct which would induce the commission of a crime by one not ready to commit it, regardless of the propensities of the particular person induced, is forbidden.

3. CRIMINAL LAW — ENTRAPMENT — BURDEN OF PROOF.

The question of entrapment is a matter for the trial court to decide, and the burden is on the defendant to show entrapment by a preponderance of the evidence.

REFERENCES

Am Jur 2d, Appeal and Error §§ 159 *et seq.*

Am Jur 2d, Criminal Law §§ 183, 202-209.

Burden of proof as to entrapment defenses—state cases. 52 ALR4th 775.

Modern status of law concerning entrapment to commit narcotics offense—state cases. 62 ALR3d 110.

4. CRIMINAL LAW — ENTRAPMENT — GUILTY PLEAS.
   A plea of guilty does not waive an entrapment defense.

5. CRIMINAL LAW — ENTRAPMENT — APPEAL.
   The Court of Appeals reviews an entrapment issue under the clearly erroneous standard.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Brady & Allen, P.C.* (by *Patrick D. Brady),* for defendant on appeal.

Before: M. J. KELLY, P.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. Defendant pled guilty to delivery of marijuana, MCL 333.7401(1) and (2)(c); MSA 14.15(7401)(1) and (2)(c), and was sentenced to five years' probation, with costs of $1,200, a fine of $800, and six months in jail. Prior to the plea, the trial court held an entrapment hearing and found that no entrapment had occurred.

On appeal defendant contends that there is entrapment as a matter of law where there were repeated contacts by a long-time friend of defendant's who used the friend's unemployment, financial, drug, and alcohol problems to induce defendant to deliver drugs.

Michigan has adopted the objective test for entrapment. The test is whether the actions were so reprehensible that the court should refuse, for public policy reasons, to permit a conviction to stand. *People v Turner,* 390 Mich 7, 22; 210 NW2d 336 (1973). The police conduct forbidden is that which would induce the commission of a crime by one not ready to commit it, regardless of the propensities of the particular person induced. *Peo-*

*ple v Hentkowski,* 154 Mich App 171; 397 NW2d 255 (1986). The question of entrapment is a matter for the trial court to decide, and the burden is on the defendant to show entrapment by a preponderance of the evidence. *People v D'Angelo,* 401 Mich 167; 257 NW2d 655 (1977). A plea of guilty does not waive an entrapment defense, *People v White,* 411 Mich 366, 401-402; 308 NW2d 128 (1981), and this Court reviews the entrapment issue under the clearly erroneous standard. *D'Angelo, supra,* p 183.

At defendant's entrapment hearing, testimony was taken from defendant; John Stinson, the officer involved; and Tim Roberts, the police informer. Tim Roberts and defendant had been acquaintances for fifteen years, meeting when defendant was in the ninth grade. Roberts was defendant's brother-in-law's best friend. Over the years defendant and Roberts had associated with the same group of people and saw each other at parties and baseball games. Through a mutual friend defendant became aware that Roberts had been out of work for several years and was about to lose his house; defendant had also observed that Roberts had a problem with drugs and alcohol. Roberts, at the direction of the police, approached defendant in December, 1982, asking defendant for drugs so that Roberts could resell the drugs to bring his house payments current. Although defendant had at one time sold drugs, he had not done so since he was convicted of possession of marijuana in 1976. Defendant had been selling and repairing motorcycle parts for the last twelve years and lived in a home connected to the shop. During a thirteen-day interval, Roberts came by the house or shop three or four times, asking defendant about the drugs; each time defendant told him that he was not selling drugs and he did not know anyone who was

selling, but if he heard of anyone selling he would let Roberts know. At no time did defendant contact Roberts. Finally, when a customer offered to pay for a motorcycle fender, in part, with hash, defendant accepted the hash and passed it along to Roberts.

We find that the use of a long-time friend defendant knew was in desperate need of money was reprehensible police conduct which would have induced a person not ready to sell drugs to do so. *People v Soper,* 57 Mich App 677; 226 NW2d 691 (1975), lv den 394 Mich 822 (1975).

Reversed.