PEOPLE v LaCLEAR

Docket No. 128291. Submitted September 10, 1992, at Detroit. Decided November 2, 1992, at 9:15 A.M.

Monte M. LaClear pleaded guilty in the Oakland Circuit Court, David F. Breck, J., of possession of more than 50, but less than 225, grams of cocaine with intent to deliver, two counts of carrying a concealed weapon, driving with a suspended license, and of being an habitual offender, third conviction. He was sentenced for the first three convictions. The sentences were then vacated, and he was sentenced to five to forty years for the habitual offender conviction. He appealed.

The Court of Appeals *held:*

1. The trial court used an incorrect standard in determining whether an informant was a government agent. In light of undisputed evidence on the record, the court clearly erred in finding that the informant was not an agent of the police because he was not being paid or compensated by the police and because the police did not control his activities. Clearly, the informant acted at least with police encouragement and perhaps even with police assistance. The trial court erroneously relied on lack of police control over the informant's precise actions to find that he was not a police agent. A lack of control, rather than being a positive factor, militates in favor of finding entrapment.

2. The evidence is insufficient to determine whether the defendant was entrapped. The fact that an informant is considered a police agent is not necessarily evidence that the informant's actions that are attributable to the police constitute impermissible or reprehensible conduct. Remand to the trial court is required for receipt of evidence regarding the parties' precise conduct and a determination regarding whether entrapment occurred.

Reversed and remanded.

TAYLOR, J., dissenting, stated that lack of control over an

REFERENCES
Am Jur 2d, Crimial Law §§ 202-207.
Modern status of the law concerning entrapment to commit narcotic offense—state cases. 62 ALR3d 110.

informant does not always militate toward a finding of entrapment, and that quantum of control should not be a red-line test for police agency. Where an informant acts with at least police encouragement and perhaps even with police assistance, a trial court's conclusion that the informant is not an agent of the police may be debatable, but it is not necessarily clearly erroneous.

1. Criminal Law — Police Informants — Entrapment.

Lack of police control of an informant's precise actions militates in favor of a finding of entrapment.

2. Criminal Law — Police Informants — Entrapment.

The fact that an informant is considered a police agent is not evidence that the informant's actions that are attributable to the police constitute impermissible or reprehensible conduct amounting to entrapment.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Ronald E. Kaplovitz,* for the defendant on appeal.

Before: Hood, P.J., and Connor and Taylor, JJ.

Hood, P.J. Defendant pleaded guilty in the Oakland Circuit Court of charges of possession of more than 50, but less than 225, grams of cocaine with intent to deliver, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), two counts of carrying a concealed weapon, MCL 750.227; MSA 28.424, driving with a suspended license, MCL 257.904(1); MSA 9.2604(1), and being a third-felony habitual offender, MCL 769.11; MSA 28.1083. He was sentenced to terms of five to twenty years, two to five years, and ninety days for the first three convictions, but these sentences were then vacated in favor of a sentence of five to forty years for the habitual offender conviction.

Defendant appeals as of right. We reverse and remand. This case is being decided without oral argument pursuant to MCR 7.214(A).

Defendant first argues that he was entrapped and that, therefore, the charges against him should have been dismissed. This issue was not waived by defendant's guilty plea. *People v White,* 411 Mich 366, 401-402; 308 NW2d 128 (1981) (opinion of MOODY, J.); *People v Graczyk,* 156 Mich App 632, 634; 402 NW2d 60 (1986).

At defendant's entrapment hearing, the court focused solely on whether the informant was an agent of the police. The court did not inquire into what the informant's actions were vis-à-vis the defendant. It instead ended the hearing when it found that the informant was not an agent of the police because he was not being paid or compensated by the police and because the police did not control his activities. This finding is clearly erroneous in light of the undisputed evidence on the record.

" 'When persons who are not law-enforcement officials act with official encouragement or assistance, they should be treated as government agents for purposes of the entrapment defense.' " *People v Jones,* 165 Mich App 670, 674; 419 NW2d 47 (1988), quoting *People v Stanley,* 68 Mich App 559, 564; 243 NW2d 684 (1976).

As noted by the *Jones* panel, "[t]here is very little law in Michigan as to what degree of 'encouragement or assistance' is necessary for a finding that a person acted as a government agent." 165 Mich App 674. In *Jones,* important factors in favor of finding that the informant was an agent were his long-term ongoing relationship with the police and that the police exercised a lot of control over him. 165 Mich App 675. However, the fact that the informant set up the offense without

police involvement did not defeat the finding that
he acted with their "encouragement or assis-
tance." 165 Mich App 675.

The testimony in this case showed that the
informant called the arresting officer the previous
evening to report a stolen car parked on the lawn
of the home where defendant was staying. The
following evening, the informant called the officer
again and indicated that the defendant had called
him and had stated that he was concerned because
there were guns, drugs, and drug paraphernalia in
the house and the police had been checking on the
car parked outside. There were several telephone
calls between the informant and the officer, some
of them relayed by the police dispatcher because of
faulty equipment, culminating in defendant's ar-
rest. The substance of these conversations was not
made clear at the hearing.

It is undisputed that the informant had an
ongoing relationship with the police and had previ-
ously provided the officer with information leading
to arrests. It is also undisputed that the informant
asked the arresting officer how to proceed regard-
ing defendant. Further, although the officer denied
telling him what to do, the informant testified that
the police dispatcher did give him information and
"ideas of how to handle the situation as far as
procedure." The informant also indicated that,
after several telephone calls back and forth to the
police and to the defendant, he "talked him into
it," meaning that the informant talked the defen-
dant into bringing the guns and drugs to the
informant's apartment, apparently for safekeep-
ing. Clearly, the informant acted with at least
police encouragement and perhaps even with po-
lice assistance.

The trial court erroneously relied on lack of
police control over the informant's precise actions

to find that he was not a police agent. Despite some ambiguity in the past, a majority of our Supreme Court now holds that lack of control, rather than being a positive factor, militates in favor of finding entrapment. See *People v Juillet,* 439 Mich 34, 57, 66, 79-80; 475 NW2d 786 (1991) (BRICKLEY, J., with RILEY and GRIFFIN, JJ., concurring, and CAVANAGH, C.J., with LEVIN and MALLETT, JJ., concurring); see also *People v Rowell,* 153 Mich App 99, 104; 395 NW2d 253 (1986); *People v Duis,* 81 Mich App 698, 702; 265 NW2d 794 (1978). This latest majority varies somewhat from *People v Jamieson,* 436 Mich 61, 90, 97; 461 NW2d 884 (1990), in which BRICKLEY, J., with RILEY and BOYLE, JJ., concurring, and CAVANAGH, J., concurring separately, opined that lack of control showed that the police did not manufacture the crime.

We find that the rationale of *Juillet* mandates reversal. The purpose of the entrapment rule would be defeated if police were allowed to reap the benefits of their relationship with informants while allowing those informants free reign to select and ensnare their victims and at the same time disclaiming any responsibility for the informants' actions. The trial court erred in finding that the informant was not a police agent, despite the evidence on the record of police encouragement and perhaps assistance.

Contrary to the dissent's assertions, we do not decide whether there was entrapment. The evidence on the record is insufficient for that purpose. We merely hold that, as a matter of law, the trial court used an incorrect standard in determining whether the informant was a government agent. We believe that police officers must be held accountable for the actions of informants who are acting pursuant to police direction, encourage-

ment, and assistance. Police officers cannot sanitize their actions simply by acting through private citizens. However, the fact that an informant is considered a police agent is not evidence that the informant's actions, which are attributable to the police, constitute impermissible or reprehensible conduct. On remand, the trial court should receive evidence regarding the parties' precise conduct and determine whether it constitutes entrapment under either of the prongs of the *Juillet* test. See *People v Fabiano,* 192 Mich App 523, 531-532; 482 NW2d 467 (1992).

In light of our holding, we decline to address defendant's argument that the trial court abused its discretion in not finding substantial and compelling reasons to deviate from the mandatory minimum sentence for the drug conviction except to note that defendant was sentenced as an habitual offender.

Reversed and remanded.

CONNOR, J., concurred.

TAYLOR, J. *(dissenting).* In concluding that the trial court's finding that the informant was not a police agent was clearly erroneous on the facts of this case, the majority sounds the death knell for civilian-assisted arrests. Contrary to the majority's analysis of this case, I would find that where an "informant acted with at least police encouragement and perhaps even with police assistance," *ante,* p 540, a trial court's conclusion that the informant is not an agent of police may be debatable, but it is not necessarily clearly erroneous. It is that standard of review that we must apply to such a ruling. As it now stands, however, the majority ensures that virtually every individual who previously has had some involvement with

police, is aware of ongoing criminal activity, and telephones police for advice or assistance regarding that activity, is a police agent. This state of affairs will result, for example, in rendering useless to police the help of people interested in keeping their neighborhoods free of crime because of a justified police fear that the assistance of such people will constitute entrapment.

The majority asserts that our Supreme Court now holds that a lack of control over an informant "militates in favor of finding entrapment." *Ante,* p 541. To the contrary, *People v Juillet,* 439 Mich 34; 475 NW2d 786 (1991), stands for the proposition that police may not hire and let loose an informant with a suspect track record, studiously ignore that informant's extravagant and ill-advised behavior, and then expect that the informant's gross conduct will not be attributed to them. This latter principled rule is a far cry from an all-encompassing rule that lack of control over an informant always militates toward a finding of entrapment. While the degree of control exerted over an informant may well be evidence of impermissible or reprehensible police conduct in many cases, *People v Fabiano,* 192 Mich App 523, 531-532; 482 NW2d 467 (1992), the quantum of control should not be used by this Court to establish a redline test for police agency.

Because I would find no abuse of the trial court's discretion in sentencing defendant to no more than the mandatory minimum term, despite defendant's habitual offender status, I would affirm.