PEOPLE v CRALL

Docket No. 95941. Decided December 21, 1993. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave, modified the judgment of the Court of Appeals and reinstated the judgment of the circuit court.

Kathleen J. Crall pleaded guilty in the Washtenaw Circuit Court, William F. Ager, Jr., J., of delivering between 50 and 225 grams of cocaine. After sentencing, the court denied the defendant's motion to present the defense of entrapment. The Court of Appeals, MacKenzie, P.J., and Weaver and McDonald, JJ., remanded the case in an unpublished opinion per curiam for an evidentiary hearing on the defense, finding that the issue of entrapment is not waived by a plea of guilty (Docket No. 134270). The people seek leave to appeal.

In a unanimous memorandum opinion, the Supreme Court *held:*

The defendant waived the defense of entrapment by not raising it before sentencing.

An entrapment defense that has been timely raised and properly presented in the trial court is not waived by a plea of guilty. However, it is not true that the defense may be raised at any time—a defendant waives the issue by not raising it before sentencing.

Modified; judgment reinstated.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brian L. Mackie,* Prosecuting Attorney, and *Marilyn A. Eisenbraun,* Assistant Prosecuting Attorney, for the people.

*Joseph T. Longo* for the defendant.

MEMORANDUM OPINION. The defendant pleaded guilty of delivering between 50 and 225 grams of

cocaine.[1] She had not raised the issue of entrapment before the plea, and she did not mention the defense as she entered her unconditional plea.[2] At sentencing, defense counsel characterized this as a case in which there were no meritorious defenses.[3]

After being sentenced, the defendant filed several motions, seeking to present the defense of entrapment. The circuit court denied the motions. Later, the Court of Appeals denied a motion to remand that had been filed for the same purpose.[4]

In its subsequent opinion on the merits,[5] however, the Court of Appeals remanded this case for an evidentiary hearing on the defense of entrapment. It relied upon *People v LaClear,* 196 Mich App 537; 494 NW2d 11 (1992),[6] in which the Court of Appeals observed that the issue of entrapment is not waived by a plea of guilty.[7] The prosecutor applies to this Court for leave to appeal.

Unlike the procedural posture presented in *People v White,* 411 Mich 366; 308 NW2d 128 (1981), Ms. Crall did not timely raise the issue before the trial court. Thus as we stated in *People v Bailey,* 439 Mich 897; 478 NW2d 480 (1991),[8] the issue of entrapment was waived. This case falls within the general rule that an unconditional plea, which is

[1] MCL 333.7401(1), 333.7401(2)(a)(iii); MSA 14.15(7401)(1), 14.15(7401)(2)(a)(iii).

[2] Compare *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984).

[3] The circuit court sentenced the defendant to a term of from 5 to 20 years in prison.

[4] Unpublished order of the Court of Appeals, entered June 28, 1991 (Docket No. 134270).

[5] Unpublished opinion per curiam of the Court of Appeals, decided February 10, 1993 (Docket No. 134270).

[6] Rev'd 442 Mich 867; 497 NW2d 490 (1993).

[7] *People v White,* 411 Mich 366, 387, 401-402; 308 NW2d 128 (1981).

[8] In its opinion in this case, the Court of Appeals characterized our order in *Bailey* as "not binding precedent." There is no basis for this conclusion. The order in *Bailey* was a final Supreme Court disposition of an application, and the order contains a concise statement of the applicable facts and the reason for the decision. Const 1963, art 6, § 6.

voluntary, knowing, and intelligent, waives claims that occurred before the entry of the guilty plea. *People v New,* 427 Mich 482; 398 NW2d 358 (1986). See also *People v Hernandez,* 443 Mich 1, 18-19; 503 NW2d 629 (1993), in which we recently observed that

> [t]he remand procedure should not be utilized for presentence issues that can be raised contemporaneously with the event giving rise to the challenge.

Because this defendant never raised the issue of entrapment before sentencing, her claim has not been preserved, and is for that reason waived. We therefore modify the judgment of the Court of Appeals, setting aside the directive that the case be remanded for further proceedings. We reinstate the judgment of the circuit court. MCR 7.302(F)(1).

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.