**COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NANCY EDNA JOHNSON,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2017

No. 329702
Genesee Circuit Court
LC No. 12-030932-FC

Before: BECKERING, P.J., and SAWYER and SAAD, JJ.

PER CURIAM.

Defendant, Nancy Edna Johnson, appeals as of right her resentencing to life imprisonment for her jury trial conviction of carjacking, MCL 750.529a. We vacate only defendant's carjacking sentence and remand to the trial court.

This is the second time this matter has come before the Court. On May 2, 2013, a jury convicted defendant of first-degree murder, MCL 750.316, carjacking, MCL 750.529a, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony, MCL 750.227b, and on May 23, 2013, the trial court sentenced her accordingly. *People v Horn*, unpublished opinion per curiam of the Court of Appeals, issued December 2, 2014 (Docket Nos. 316757; 317352; 319816), p 2, rev'd in part 498 Mich 903 (2015). Relevant to the instant appeal, the trial court sentenced defendant to life in prison for the carjacking conviction. *Id*. Defendant appealed her convictions and her carjacking sentence, contending with regard to the latter that the sentence exceeded the recommended guidelines and that the court imposed it without explanation for the upward departure. *Id*. at 20-21. This Court affirmed defendant's convictions, but remanded the matter to the trial court for explanation or resentencing of defendant's carjacking sentence. *Id*. at 21-22.

In the current appeal, defendant challenges the trial court's imposition, on resentencing, of a sentence of life in prison for her carjacking conviction. Defendant contends that the sentence is unreasonable because it exceeds the applicable guidelines range of 135 to 225 months. She further argues that the factors considered by the trial court in imposing a sentence that exceeded the guidelines range were adequately addressed and considered by the scoring of the relevant offense variables.

The Supreme Court has instructed this Court to review "[a] sentence that departs from the applicable guidelines range . . . for reasonableness." *People v Lockridge*, 498 Mich 358, 392;

870 NW2d 502 (2015). After *Lockridge*, this Court, in *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), held that the standard of review to be used by this Court to review sentences for "reasonableness" is the standard identified by our Supreme Court in *People v Milbourn*, 435 Mich 630, 659-660; 461 NW2d 1 (1990)[1]:

> Where there is a departure from the sentencing guidelines, an appellate court's first inquiry should be whether the case involves circumstances that are not adequately embodied within the variables used to score the guidelines. A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion. Even where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality.

The timing of events makes the circumstances of this appeal somewhat unusual. The trial court originally sentenced defendant on May 23, 2013. This Court issued its unpublished appellate decision, remanding this matter for the resentencing of defendant's carjacking conviction on December 2, 2014. *Horn*, unpub op at 1. Both events preceded our Supreme Court's decision in *Lockridge*, which was issued on July 29, 2015. *Lockridge*, 498 Mich at 358. Although, as indicated above, *Lockridge* mandated that appellate courts review a departure sentence for reasonableness, *Lockridge*, 498 Mich at 392, the *Lockridge* Court failed to delineate "[t]he appropriate procedure for considering the reasonableness of a departure sentence," *Steanhouse*, 313 Mich App at 42. The trial court resentenced defendant on September 30, 2015, at which time the court explained its reasoning behind the departure sentence according to the "substantial and compelling" standard discussed in *People v Babcock*, 469 Mich 247, 256-258; 666 NW2d 231 (2005).

On October 22, 2015, this Court issued its decision in *Steanhouse*, identifying the appropriate standard to use when reviewing a sentence that departs from the applicable guidelines range. *Steanhouse*, 313 Mich App at 48 ("[T]he principle of proportionality established under *Milbourn* and its progeny is now the appropriate standard by which a defendant's sentence should be reviewed. . . ."). In *Steanhouse*, we found that "implementation of the reasonableness standard requires remand for consideration of the sentence's proportionality pursuant to [*Milbourn*.]" *People v Heller*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 326821); slip op at 2, citing *Steanhouse*, 313 Mich App at 48. Given *Steanhouse*'s directive, we conclude that the trial court in the instant case "must be permitted to reconsider defendant's sentence in the light of *Milbourn*." *Heller*, ___ Mich App at ___; slip op at 2.[2]

---

[1] Superseded as stated in *People v Armisted*, 295 Mich App 32; 811 NW2d 47 (2011).

[2] A remand may seem unnecessary at first glance, given that the trial court sentenced defendant to life without parole for first-degree murder, which conviction and sentence we confirmed. *Horn*, unpub op at 2, 21-22. As recognized in *People v Watkins*, 209 Mich App 1, 5; 530 NW2d

Remand to the trial court is necessary in the case at bar not only due to the disadvantage the trial court was operating under at the time of resentencing in lacking the *Steanhouse* decision for reference and direction, but also because it does not appear that the trial court properly considered, or properly articulated, the requirements for sentencing under *Lockridge*. At resentencing, despite *Lockridge* having been issued two months before, the trial court continued to reference *Babcock*, and indicated the continued necessity to articulate "substantial and compelling reasons" for the departure sentence. Given the confusion that ensued following the issuance of *Lockridge*, it is understandable that the manner in which that decision was to be applied was not fully comprehended or appreciated at the time of defendant's resentencing.

With regard to her specific sentence, defendant contends that the scoring of offense variables (OVs) 1, 3, 4, and 13 sufficiently considered or accounted for the factors the trial court relied on to impose its upward-departing sentence, and that the trial court's life-sentence for carjacking violated the principle of proportionality.

We first note that defendant did not contest the scoring of the variables either at her original sentencing or at resentencing. The trial court scored 25 points for OV 1, 100 points for OV 3, 0 points for OV 4,[3] and 25 points for OV 13. Twenty-five points are scored under OV 1 when "[a] firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon." MCL 777.31(1)(a). Under OV 3, 100 points are scored when "[a] victim was killed." MCL 777.33(1)(a). And pursuant to OV 13, 25 points are scored when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c).

---

111 (1995), a defendant's "first-degree murder conviction, with its mandatory life sentence effectively nullifies the significance of any sentences for the companion convictions." Thus, based on her mandatory life sentence, defendant is "not entitled to any relief." *People v Poole*, 218 Mich App 702, 719; 555 NW2d 485 (1996).

Recently, however, *People v Young*, unpublished opinion of the Court of Appeals, issued December 23, 2014 (Docket No. 317981), presented us with issues similar to those in *Watkins* and *Poole*. In *Young*, this Court affirmed the defendant's convictions for first-degree murder and two counts of assault with intent to murder (AWIM) and, relying upon *Watkins*, reasoned that it need not address the defendant's challenge to his sentences for AWIM because the sentences "would be moot in light of defendant's mandatory life sentence without parole for his first-degree murder conviction." *Young*, unpub op at 9-10. The defendant filed an application for leave to appeal the decision and, in a one-page order, our Supreme Court reversed this Court's ruling in part and remanded the matter to the circuit court "to determine whether the court would have imposed materially different sentences" for the lesser charges under the sentencing procedure described in *Lockridge. People v Young*, 498 Mich 903; 870 NW2d 722 (2015). As a final disposition of an application for leave to appeal, the Supreme Court's order is binding. See *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993). To the extent that we understand the order, it appears to require remand of the instant case for the trial court to consider defendant's carjacking sentence in light of *Lockridge* and *Steanhouse*.

[3] We assume that defendant is not challenging the trial court's score of zero for OV 4 (psychological injury to the victim) or its impact on the imposition of a departure sentence.

Defendant's suggestion that these OVs adequately took into consideration the heinous and callous nature of her crime is without merit. Defendant and her codefendant approached the victim while she was fueling her vehicle. Her codefendant shot the victim once in the leg. Given the victim's incapacity, defendant could have taken the vehicle at that point, without inflicting further injury. Instead, defendant elected to shoot the victim an additional three times in the stomach and pitch her out of the vehicle onto the gas station's pavement, where she lay in a pool of her own blood, and died shortly thereafter, seemingly aware of the severity and fatal nature of her injuries. *Horn*, unpub op at 16. We agree with the trial court that these are factors beyond the behavior anticipated in the sentencing guidelines. See *Milbourn*, 435 Mich at 660 n 27 (indicating that a trial court may depart from the guidelines where "the conduct or criminal record to be scored under the sentencing guidelines is extraordinary in its degree, and thus beyond the anticipated range of behavior treated in the guidelines").

Turning to the issue of proportionality, as discussed in *People v Shank*, 313 Mich App 221, 225; 881 NW2d 135 (2015), held in abeyance ___ Mich ___; 882 NW2d 528 (2016) (quotation marks, brackets and citations omitted):

> Under *Milbourn*, a given sentence could be said to constitute an abuse of discretion if that sentence violated the principle of proportionality, which required sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. In accordance with this principle of proportionality, trial courts were required to impose a sentence that took into account the nature of the offense and the background of the offender.

Under the proportionality standard, Michigan courts have previously considered factors such as "(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Steanhouse*, 313 Mich App at 46 (citations omitted). In the instant case, until the trial court undertakes the requisite analysis with regard to defendant's carjacking sentence, we are unable to review the sentence imposed for proportionality.

> [E]ven if this Court believes a defendant's pre-*Lockridge* departure sentence is reasonable and adequately supported by the trial court's record statements, we must remand to allow the defendant an opportunity to reiterate his or her request for resentencing and then for continued proceedings consistent with *Crosby*. We are not permitted to presume that the lower court would have embarked on the same reasoning had it been aware that its judgment was controlled by *Milbourn*'s reasonableness analysis. Nor are we permitted to disregard the binding precedent of this Court. [*People v Stevens*, ___ Mich App ___; ___ NW2d ___, Slip Op 3 (Issued November 29, 2016, Docket No. 328097).]

Finally, defendant suggests on appeal that it is necessary on remand to assign this matter to an alternative judge, suggesting that the trial judge who conducted both the sentencing and resentencing would be unable to set aside her previous views. As discussed in *People v Hill*, 221

Mich App 391, 398; 561 NW2d 862 (1997), when "determining whether resentencing should occur before a different judge," this Court identified the following factors as being relevant:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness. [Citations omitted.]

While the trial court has twice imposed the same sentence for defendant's carjacking conviction, the necessity of remand was premised on a question of law, i.e., the proper standard to be used in imposing an upward departure in sentencing, complicated by the interposition of the issuance of published decisions that altered the standard to be used and applied. Although the trial judge has consistently deemed a life sentence for this offense to be appropriate, reassignment to an alternative judge would comprise a waste of time and resources because the sentencing factors to be considered are more readily ascertainable by the judge who sat through this trial than a judge unfamiliar with the details of the crime.

We vacate only defendant's sentence for carjacking and remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ David H. Sawyer
/s/ Henry William Saad