# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ALEX MICHAEL TILTON,

      Defendant-Appellant.

UNPUBLISHED
April 20, 2017

No. 330137
Wayne Circuit Court
LC No. 12-008957-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

ALEX MICHAEL TILTON,

      Defendant-Appellee.

No. 332329
Wayne Circuit Court
LC No. 12-008957-01-FC

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Alex Tilton, was convicted after a jury trial of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to six months nonreporting probation for the assault conviction and two years' imprisonment for the felony-firearm conviction. However, rather than remand Tilton to the Department of Corrections, the trial court released Tilton on appellate bond pending the outcome of his appeal by right to this Court. In July 2014, we affirmed Tilton's convictions,[1] and our Supreme Court denied his application for leave to appeal.[2] Subsequently, and relevant to this appeal, in a new judgment of sentence, the

---

[1] *People v Tilton*, unpublished opinion per curiam of the Court of Appeals, issued July 15, 2014 (Docket No. 315401).

[2] *People v Tilton*, 497 Mich 955 (2015).

trial court sentenced Tilton to two years' incarceration on the felony-firearm conviction with credit for 120 days' time served. In Docket No. 330137, Tilton now appeals by right, asserting that he was entitled to 444 days credit for time served. In Docket No. 332329, the prosecution appeals by delayed leave granted,[3] asserting that Tilton was only entitled to 69 days credit for time served. Because Tilton is not entitled to credit for time served between his date of sentence and the date that his appellate bond was revoked, we reverse the trial court's award of 120 days jail credit and remand for recalculation of Tilton's jail credit in accordance with this opinion.

## I. BASIC FACTS

When the case returned to the trial court, on Tilton's request, the court ordered an updated presentence investigative report. The court noted that it "especially want[ed] an accurate computation of the credit for time served." The question of credit for time served in this case is complicated because, while on appellate bond in the instant case, Tilton was arrested on, convicted of, and sentenced to jail time in two different Oakland County cases.

The first Oakland County case began on June 17, 2013, when Tilton was arrested in Oakland County for malicious destruction of a building and for larceny. It is not clear how long he was incarcerated in the Oakland County jail on those charges. However, in October 2013 he pleaded no contest to the charges and was released on bond. On December 12, 2013, he was sentenced to five years' probation and 180 days in jail for the convictions. Tilton served the 180 day sentence and was released. Subsequently, about a year after his release, on June 4, 2015, Tilton's probation for those convictions was revoked, and he was sentenced to 365 days in jail with credit for 184 days served.

The second Oakland County case began while Tilton was on bond in the malicious destruction of property case (and in the instant case). The record reflects that Tilton was arrested by the Oak Park Police Department for domestic violence, and on February 18, 2014, after pleading guilty to the charge, he was sentenced to 93 days jail. This time appears to have been served concurrent to his 180 day sentence in the malicious destruction of property case.

Further complicating the instant case, the trial court revoked Tilton's appeal bond on two occasions. First, the court revoked it on December 19, 2013 after Tilton pleaded guilty to a probation violation at a probation violation hearing. Subsequently, on January 14, 2014, at the probation violation sentencing hearing, the court stated that it would continue to show mercy, and it reinstated Tilton's appellate bond. Tilton's appeal bond was thereafter continued until the court revoked it for a second time on August 25, 2015, following the resolution of Tilton's first appeal by our Supreme Court.

---

[3] *People v Tilton*, unpublished order of the Court of Appeals, entered June 2, 2016 (Docket No. 332329).

At resentencing in the instant case,[4] both Tilton and the prosecutor agreed that Tilton was entitled to credit for time served before his conviction and for time served after he was remanded to custody upon revocation of his appellate bond. Tilton's lawyer further argued that he was entitled to time served on the Oakland County cases. The prosecutor, however, argued that Tilton was only entitled to jail credit for time served on his felony-firearm conviction. The trial court adjourned the hearing and ordered the parties to either reach an agreement on jail credit or to present a cogent argument why Tilton was or was not entitled to jail credit for the time spent incarcerated on the unrelated cases. After supplemental arguments, the prosecutor asserted that Tilton was entitled to 69 days jail credit whereas Tilton asserted he was entitled to 444 days jail credit. The trial court stated that it would rely on the expertise of the probation department, and it sentenced Tilton to two years' incarceration with credit for 120 days served.

## II. JAIL CREDIT

### A. STANDARD OF REVIEW

The sole issue on appeal is whether the trial court erred in calculating Tilton's jail credit at 120 days. We review de novo whether a defendant is entitled to credit for time served. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

### B. ANALYSIS

The prosecutor argues that this case is governed by the sentencing credit statute, MCL 769.11b, which provides:

> Whenever any person is hereafter convicted of any crime within this state and has served *any time in jail prior to sentencing* because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [Emphasis added.]

By its plain language, this statute only applies to presentence jail credit, i.e., to "time in jail prior to sentencing." Therefore, it is wholly inapplicable in this case involving postsentence jail credit.

Tilton argues that this case is governed by our Supreme Court's decision in *People v Gallagher*, 404 Mich 429; 273 NW2d 440 (1979) and our Supreme Court's order in *People v Jones*, 792 NW2d 748 (2011). In *Gallagher*, the defendant was sentenced to one to five years' incarceration on August 30, 1974, but he was released on an appeal bond. *Id*. at 439. While the appeal bond was in effect, he served time from January 20, 1975 to June 4, 1975 on an unrelated state court charge, and he served time from June 25, 1975 to February 11, 1976 on a Federal income tax violation. *Id*. Our Supreme Court explained that "[t]he rule in Michigan is that a

---

[4] The resentencing hearing was held solely to determine how much credit for time served Tilton was entitled to receive in the instant case.

sentence may not be imposed to commence at the completion of another sentence in the absence of statutory authority." *Id*. In other words, the Court concluded that the defendant's sentences for the unrelated state and Federal charges, in the absence of statutory authority allowing for the imposition of consecutive sentences, ran concurrently, thereby allowing the defendant credit for time served while he was incarcerated on the unrelated charges because he was also serving his sentence on the original charge. See *id*. at 439-440. Similarly, in *Jones*, "[t]he defendant absconded on bond pending appeal after he was sentenced and was arrested on the outstanding warrant by federal authorities, who also held him to answer for federal crimes." *Jones*, 792 NW2d at 748. The Court stated that "[a]lthough he had absconded on bond, once he was taken into custody, he began serving his sentence in this case immediately." *Id*. As a result, the Court held that the defendant was entitled to jail credit for time he was held in federal custody on an unrelated federal charge. *Id*.[5] Taken together, *Gallagher* and *Jones* stand for the proposition that if a defendant's original sentence runs concurrent to his or her new sentence, then he is entitled to credit for time served even if he is incarcerated in a different jurisdiction on unrelated charges.

This case, unlike *Gallagher* and *Jones*, does not involve a defendant whose unrelated sentence was running concurrent to his original sentence. Instead, Tilton's felony-firearm sentence did not begin to run until after his appeal bond was revoked. Until that point, after completing his time on the unrelated convictions, he was released from custody despite the fact that he had not served his full time on the felony-firearm conviction. For example, after being arrested for malicious destruction of a building and larceny, Tilton was released on bond. Then, after he was convicted of those charges, he was sentenced to 180 days in jail. After he served that time, he was again released from custody and remained in the community until he violated his probation in that case and was sentenced to 365 days jail with credit for the time he had already served. Thus, Tilton had the benefit of his appeal bond up until the point that it was revoked, and he may not now claim credit for time served on the unrelated convictions.[6]

---

[5] Because the Supreme Court's order in *Jones* is a final disposition of an application and "contains a concise statement of the applicable facts and the reasons for the decision," it is binding precedent. See *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993).

[6] The appeal bond expressly provided that a violation of a condition of bond "may" result in a revocation of bond. Therefore, although Tilton's criminal convictions were a violation of a condition of bond, his bond was not automatically revoked. If Tilton's bond had been revoked immediately after he was convicted of criminal activity in Oakland County, then his sentence for the felony-firearm would have started running concurrently with any sentence imposed in the Oakland County case. In that circumstance, however, by way of example, Tilton would not have been entitled to be released after serving 180 days in jail on the Oakland County case because he would have been required to remain incarcerated until the resolution of his appeal in this instant case. He, therefore, plainly received a benefit from the continuance of his appeal bond.

## III. CONCLUSION

In sum, MCL 769.11b is inapplicable in this case to the extent that Tilton is seeking credit for time served after his sentence was imposed, i.e., postsentence jail credit. Further, *Gallagher* and *Jones* are inapplicable to the extent that Tilton is seeking credit for time served between his date of sentence in this case and the dates when his appeal bond was revoked. Because the trial court's order granting Tilton 120 days' credit for time served included credit for time spent in the Oakland County jail while Tilton's appeal bond remained in effect, we remand for recalculation of the amount of jail time Tilton is entitled to receive. On remand, the trial court should grant Tilton jail credit for his presentence incarceration on the instant offense and for any postsentence incarceration imposed—even on unrelated cases—after Tilton's appeal bond was revoked.

Reversed and remanded for recalculation of Tilton's jail credit in accordance with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly

-5-