DAVIS v MORTON

Docket No. 72019. Submitted June 20, 1984, at Detroit.—Decided July
    26, 1984.

Plaintiffs, Eva Mae and James Davis, brought an action against
    defendants, Rufus and Lola Morton, for damages for injuries
    suffered by Eva Mae Davis, who had been visiting in the
    Morton home, when she slipped and fell on an icy sidewalk.
    The public sidewalk involved abuts the Morton property and at
    the time of the accident Rufus Morton and his son were still
    removing snow from the sidewalk. The fall occurred on a
    portion of the walk which contained ice, although the snow had
    been removed. Plaintiffs alleged that defendants were liable
    because they had increased the existing hazard by clearing the
    snow, thus exposing the ice, and then made the condition even
    more hazardous by throwing salt on the ice. The Wayne Circuit
    Court, Joseph B. Sullivan, J., granted defendants' motion for
    summary judgment, holding that a homeowner who attempts to
    make things safer by using normal precautions, doing no more
    than shoveling and salting the public sidewalk, does not create
    an additional potential liability. Plaintiffs appealed. *Held:*

1. Landowners have no general duty to remove natural
    accumulations of snow and ice from abutting public sidewalks
    and no liability for injuries caused solely by such a natural
    accumulation.

2. The "increased hazard" exception to the general rule,
    which may allow the imposition of liability where the natural
    condition is made more dangerous either directly or indirectly
    as a result of the actions or omissions of the landowner, should
    not be extended to impose liability where the injured party is a
    mere licensee and where the process of snow removal is still
    being carried on at the time of the accident.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*

Right to voluntary dismissal of civil action as affected by opponent's
    motion for summary judgment, judgment on the pleadings, or
    directed verdict. 36 ALR3d 1113.

[2, 3] 39 Am Jur 2d, Highways, Streets, and Bridges § 337 *et seq.*

Liability for injuries from ice or snow on residential premises. 54
    ALR3d 558.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — NO ISSUE OF FACT.

  A trial court must be satisfied that it is impossible for a claim or
  defense to be supported at trial because of some deficiency
  which cannot be overcome before granting an opposing party's
  motion for summary judgment on the basis that there exists no
  material issue of fact (GCR 1963, 117.2[3]).

2. NEGLIGENCE — SNOW AND ICE — PUBLIC SIDEWALKS.

  Homeowners have no general duty to remove natural accumula-
  tions of snow and ice from abutting public sidewalks and,
  generally, have no liability for injuries caused solely by a
  natural accumulation of ice and snow.

3. NEGLIGENCE — SNOW AND ICE — INCREASED HAZARD — LICENSEES.

  The "increased hazard" exception to the general rule that a
  property owner has no liability for injuries caused solely by a
  natural accumulation of ice and snow, which exception may
  apply where the condition is made more hazardous either
  directly or indirectly as a result of the acts or omissions of the
  landowner, does not apply to impose liability where a licensee
  falls on previously fallen snow or ice allegedly made more
  slippery by salting when the snow removal and salting is still
  being carried on at the time of the fall.

*Bernstein & Bernstein, P.C.* (by *Mikael G. Hah-
ner),* for plaintiffs.

*Mitchell & Leon* (by *John B. Holiday),* and *Gro-
mek, Bendure & Thomas* (by *James G. Gross),* of
counsel, for defendants.

Before: ALLEN, P.J., and WAHLS and M. WAR-
SHAWSKY,* JJ.

PER CURIAM. In this slip-and-fall case, plaintiffs
appeal as of right from a May 27, 1983, order of
summary judgment granted in favor of defendants
pursuant to GCR 1963, 117.2(3).

At approximately 10:30 or 11:00 a.m. on Janu-
ary 27, 1982, plaintiff Eva Mae Davis and her
husband James Davis stopped at the home of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Rufus Morton on Manor Street in the City of Detroit. Rufus Morton is the nephew of Eva Mae Davis. The purpose of their visit to the Morton home was to enable James to look up a phone number of his local union. While James was looking up the number, Eva sat down to visit and share a cup of coffee with Lola Morton. Soon James joined in the visit. While the three persons were visiting and having coffee, defendant Rufus Morton and his son went outside to shovel and salt the sidewalks of their corner lot. The Morton home fronts on Manor Street, and a side street with a public sidewalk runs along the side of the home. Earlier in the day it had snowed but it was not snowing when plaintiffs arrived.

Sometime between 12:00 and 1:00 p.m., while Rufus Morton and his son were still working outside, plaintiffs left the home. They exited through the front door and onto the porch. There was no snow or ice on the porch steps. Plaintiffs walked down the steps and cut diagonally across the snow-covered lawn to the side street where they had parked their car. The portion of the side street by their car had been shoveled and salted by Rufus and his son. However, there was ice on the sidewalk even though it had been shoveled. As Eva reached the sidewalk and put her foot on it, she slipped and fell backward, sustaining serious and painful injuries.

In their complaint, filed January 7, 1983, plaintiffs rely on the "increased hazard" theory. They allege that defendants increased an already existing hazard by shoveling snow off an icy sidewalk, thus exposing the ice, and then making the condition even more dangerous by throwing salt on the ice. Citing *Stamatakis v The Kroger Co*, 121 Mich App 281; 328 NW2d 554 (1982), *Elam v Marine*, 116 Mich App 140; 321 NW2d 870 (1982), and

*Mendyke v Employment Security Comm,* 94 Mich App 425; 288 NW2d 643 (1979), plaintiffs argue that where an accumulation of ice and snow on a public sidewalk abutting a home results from a negligent affirmative act of the homeowner or increases the already existing danger, the homeowner is liable for the slip and fall.

On April 20, 1983, defendants filed a motion for summary judgment, contending that the "increased hazard" theory requires the introduction of a new element of danger over and above the natural accumulation of snow and ice and does not apply to a private property owner who does no more than shovel and salt the public sidewalk abutting his home. *Weider v Goldsmith,* 353 Mich 339; 91 NW2d 283 (1958). On May 27, 1983, the trial court granted the motion, ruling that a homeowner who attempts to make things safer by using normal precautions does not create an additional potential liability and that the cases cited by plaintiffs do not apply to the use of salt to remove ice. In support of this conclusion, the trial court cited *Creech v Consumers Power Co,* 59 Mich App 167; 229 NW2d 358 (1975).

A motion for summary judgment under 117.2(3) is predicated upon the existence of no material issue of fact. The test for deciding motions for summary judgment on this basis is whether the record which might be developed within the limits indicated by the pleadings and the affidavits or other material supporting and opposing the motion for summary judgment, when interpreted to give the benefit of any reasonable doubt to the opposing party, would leave an issue upon which reasonable minds might differ or upon which a directed verdict would be proper. The courts are quick to find that a genuine issue does indeed exist. The trial court must be satisfied that it is impossible for the

claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Braman v Bosworth,* 112 Mich App 518; 316 NW2d 255 (1982). Accord: *Karibian v Paletta,* 122 Mich App 353; 332 NW2d 484 (1983), *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). In short, it must be impossible for a trier of fact to find for plaintiff based on the allegations presented. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978).

The bellwether case on the question presented is *Weider v Goldsmith, supra.* There, the plaintiff slipped on a patch of ice which had accumulated around a "heave" in his landlord's sidewalk. Two days prior to his injury, the apartment building custodian had removed snow from the sidewalk area, but apparently had failed to break up the ice hazard thereafter. The plaintiff argued that the snow removal had worked to create a new element of danger introduced by the acts of defendant. *Weider,* p 341.

The Supreme Court looked to foreign jurisdictions for a suitable legal analysis of the problem, and quoted a New York decision for the avenue of resolution taken:

"The holding in the case of *Golub v City of New York* 201 Misc 866, 868, 869 (112 NYS2d 161, 163), is particularly appropriate to the facts before us:

" 'The precise issue raised in this case is whether an abutting owner is liable for an ice condition remaining or arising after a snow and ice removal operation, without a showing that that ice condition, assuming it to be hazardous, was caused directly or indirectly by defendant through some affirmative act or omission.

" 'None of the authorities examined by the court goes that far. In each case where plaintiff has been permitted to recover against an abutting owner, the ice condition following snow and ice removal was either directly

or indirectly the result of an act or omission by the abutting owner. On the other hand mere incompleteness of snow or ice removal, or unexplained presence of ice or snow after snow or ice removal, have resulted in the discharge of the defendant as a matter of law.'" 353 Mich 343-344.

The trial judge in the case at bar recognized that the "increased hazard" doctrine should not be allowed to foist civil liability upon citizens who engage in the desirable activity of snow and ice removal on public sidewalks while those who take no action in the public interest are insulated from such liability. Clearly, if defendant herein had not shoveled and salted the sidewalk, he could not be held responsible for the fall, since homeowners have no general duty to remove natural accumulations of snow and ice from abutting public sidewalks. *Woodworth v Brenner,* 69 Mich App 277, 280; 244 NW2d 446 (1976).

The closest authority for the proposition that salting in itself may constitute an increased hazard is found in *Mendyke, supra.* There the plaintiff was on her way to the MESC office to pick up her weekly unemployment compensation when she fell on the public sidewalk only 30 feet from the entrance to the office. After first stating the general rule that under Michigan law a property owner has no liability for injuries caused solely by a natural accumulation of ice and snow, *Hampton v Master Products, Inc,* 84 Mich App 767; 270 NW2d 514 (1978), the Court then addressed the "increased hazard" exception to the rule, saying:

"In the instant case the sidewalk abutting the MESC office had twice been shoveled and salted on the morning of plaintiff's slip and fall. It is the presence of this salt on the snow that plaintiff claims caused it to melt and freeze on the sidewalk. If this is true, then the

action of the MESC in salting the sidewalk increased the plaintiff's hazard from one involving her trudging through snow to one involving her walking on ice. It is clear that her chances of injury from the latter are greater than her chances of injury from the former. This fact, *coupled with the existing case law authority that recognizes the invitor's rigorous duty of care owed to an invitee,* leads us to hold that if plaintiff can establish her version of the facts by a preponderance of the evidence then she is entitled to recover for her injury." 94 Mich App 435. (Emphasis supplied.)

Unlike the situation in *Mendyke* where the plaintiff was a business invitee, plaintiff in the instant case was only a licensee. Further, in *Mendyke* new ice had formed due to refreezing occurring some time following the salting, and the "increased hazard" was located where the invitee had to pass to enter the MESC office. In the instant case, it was not new ice, but naturally accumulated ice which allegedly was made more slippery by a covering of water. Here, too, the property owner was still working on removing the accumulated snow and ice when the accident occurred.

The importance of the distinction between an injury to a licensee and one to an invitee is illustrated by *Woodworth v Brenner, supra.* There, the plaintiff, a licensee, fell on an icy sidewalk owned by the adjacent property owners who earlier had removed snow from the sidewalk and piled it on the sides of the walk above the walk level. The plaintiff claimed that an "increased hazard" was created by piling the snow above the sidewalk which, when it subsequently melted, flowed back on the sidewalk and froze. The Court first reduced the problem to the following question:

"*Whether a passerby walking on a public sidewalk*

*may recover from the city and/or abutting landowner for injuries caused by a fall on an icy sidewalk where the icy condition is caused by the refreezing of previously shoveled snow which melted and accumulated on the sidewalk."* 69 Mich App 279 (Emphasis in original.)

The Court proceeded to resolve the issue in favor of defendants on the public policy grounds relied upon in *Weider v Goldsmith, supra,* that it would be unfair to hold a property owner answerable in damages where a refreezing occurred from snow previously removed by the property owner.

Given the fact that plaintiff was not an invitee in the instant case, and that defendant was still in the process of trying to remove the accumulated snow and ice when the accident occurred, and given the further fact that *Woodworth* rejects refrozen ice as a ground for liability, we decline to extend the doctrine of "increased hazard" to situations where a licensee falls on previously fallen snow and ice allegedly made more slippery by salting when the snow removal and salting is still being carried on at the time of the fall. To hold otherwise would contravene the public policy reasons for nonliability set forth in *Weider v Goldsmith.*

Affirmed. Costs to defendants.