SKOGMAN v CHIPPEWA COUNTY ROAD COMMISSION

Docket No. 188368. Submitted October 16, 1996, at Marquette. Decided February 4, 1997, at 9:00 A.M.

James W. Skogman, as personal representative of the estate of Sherri L. Skogman, brought an action in the Chippewa Circuit Court against the Chippewa County Road Commission and Kimberly S. Cairns, alleging that the decedent's death as a result of a head-on collision between a vehicle driven by the decedent and a vehicle driven by defendant Cairns was caused in part by the failure of the road commission to have plowed snow from the full width of the road on which the vehicles were traveling at the time of the accident. At the time of the accident, one of the road commission's snowplows had made a pass in each direction on the section of road in question, clearing the two inches of snow that had fallen during the preceding night from a portion of the roadway surface totaling thirteen feet, four inches in width. The plaintiff alleged that the road commission had not maintained the road in reasonable repair by reason of its failure to have cleared the roadway to its full twenty-two-foot plowable width or, in the alternative, that the road was unsafe, irrespective of any failure of the road commission with respect to its plowing of the road. The court, Nicholas J. Lambros, J., granted summary disposition for the road commission. The plaintiff appealed.

The Court of Appeals *held*:

1. A government agency does not have an obligation to remove a natural accumulation of ice or snow from a road under its jurisdiction; however, a government agency may be liable if its attempt to remove ice or snow introduces a new element of danger or an increased hazard that is different in character from the danger inherent in the conditions ordinarily and generally brought about by winter weather. Further, the increased hazard test will not be applied in such a manner as to punish those who attempt to remove ice or snow and reward those who do not attempt to do so.

2. The trial court properly held that the action of the road commission in plowing the road did not introduce a new element of danger. The road had been plowed to its full plowable width the previous day and, at the time of the accident, was in the process of

being plowed to remove the new snow. The unplowed portion of the road was passable, covered with snow that was approximately three to five inches deep, and that snow was to be removed when the snowplow made its return passes along that section of the road. Accordingly, the trial court properly held that the process of plowing had not created an unusual obstacle to travel and that the road commission was not liable for its uncompleted attempt to remove the natural accumulation of snow from the road.

3. The plaintiff failed to establish any basis for the claim that the road was not reasonably safe when plowed to its full plowable width, which the road commission was in the process of doing. The statutory duty of the road commission was to maintain the road in a reasonably safe condition, not to make a reasonably safe road safer still. In the absence of evidence that the road was not reasonably safe, the trial court properly granted summary disposition with respect to the claim that the road was unsafe irrespective of the plowing of the snow.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — NATURAL ACCUMULATION OF ICE OR SNOW.

A government agency does not have a duty to remove a natural accumulation of ice or snow from a road under its jurisdiction; a government agency may become liable if its attempt to remove ice or snow from a road introduces a new element of danger or an increased hazard that is different in character from the dangers inherent in winter conditions; however, the increased hazard test will not be applied in a manner that punishes those who attempt to remove ice or snow and reward those who do not attempt to do so (MCL 691.1402; MSA 3.996[102]).

*Moher & Cannello, P.C.* (by *Steven J. Cannello* and *Timothy S. Moher*), for the plaintiff.

*Fordney, Dust & Prine, P.C.* (by *Andrew W. Prine*), for the Chippewa County Road Commission.

Before: GRIBBS, P.J., and MACKENZIE and GRIFFIN, JJ.

MACKENZIE, J. This case involves plaintiff's claim that defendant road commission was negligent in its snowplowing of a two-lane gravel road outside Sault Ste. Marie. Plaintiff appeals as of right from an order

granting summary disposition for defendant on the basis of the natural accumulation doctrine. We affirm.

Plaintiff's decedent died from injuries received when the car she was driving collided head-on with another car near the crest of a hill. The accident occurred on the morning of February 24, 1994, after a road commission snowplow had made one pass each way near the center of the road, but before the snowplow had returned to make a second pass to widen the plowed surface. In his deposition, plaintiff, a passenger in the decedent's vehicle, stated that the road was "kind of skinny," and that both drivers were driving as far to the side of the plowed area as possible when the accident occurred. Plaintiff's expert indicated that the plowed surface was thirteen feet, four inches wide at the time of the accident and opined that this distance was insufficient for two vehicles to pass each other with reasonable safety. He asserted that the road should have been plowed to its full plowable width of about twenty-two feet.

The defective highway exception to governmental immunity, MCL 691.1402(1); MSA 3.996(102)(1), requires governmental agencies to maintain highways in reasonable repair so that they are reasonably safe and convenient for public travel. Under the natural accumulation doctrine, however, a governmental agency does not have an obligation to remove a natural accumulation of ice or snow from a road. *Dykstra v Dep't of Transportation*, 208 Mich App 390, 391; 528 NW2d 754 (1995). Thus, the mere presence of snow or ice on a highway in wintertime, which causes travelers difficulty, does not constitute negligence on the part of a governmental authority. *Hampton v Master Products, Inc*, 84 Mich App 767, 770; 270 NW2d 514

(1978). See also *Williams v Dep't of Transportation*, 206 Mich App 71, 73; 520 NW2d 342 (1994). The doctrine applies regardless of whether the governmental agency had actual or constructive notice of a natural accumulation of ice and snow and allegedly had the ability to remedy it. *Id.*, p 73.

If, on the other hand, ice or snow on a roadway constitutes an unnatural accumulation rather than a natural accumulation, the governmental agency may be liable. *Id.*, p 73. "In order to render a municipality liable, the interference with travel must be unusual or exceptional, that is, different in character from conditions ordinarily and generally brought about by winter weather in a given locality." *Hampton, supra*, p 770, citing 39 Am Jur 2d, Highways, Streets and Bridges, § 506, p 906. Some courts have stated the test as whether the defendant's actions "increased the hazard" to the plaintiff. *Morton v Goldberg*, 166 Mich App 366, 369; 420 NW2d 207 (1988); *Zielinski v Szokola*, 167 Mich App 611, 615; 423 NW2d 289 (1988). To be liable under the increased hazard theory, the defendant's act of removing ice and snow must have introduced a new element of danger not previously present, *Morton, supra*, p 369; *Zielinski, supra*, p 615, or created an obstacle to travel, such as a snow bank, that exceeds the inconvenience posed by a natural accumulation. *Hampton, supra*; *Johnson v Marquette*, 154 Mich 50; 117 NW 658 (1908). The increased hazard theory should not be applied in such a manner as to punish those who attempt snow removal and reward the failure to clear away snow or ice. See *Davis v Morton*, 143 Mich App 236, 241; 372 NW2d 517 (1984); *Zielinski, supra*, p 621. Thus, in *Davis, supra*, p 243, this Court concluded that the

increased hazard theory did not extend to a situation in which the plaintiff fell on previously fallen snow and ice allegedly made more slippery by snow removal when the removal and salting process was still being carried on at the time of the fall.

In this case, we agree with the trial court that defendant's actions in plowing the road did not introduce a new element of danger or create exceptional conditions different in character from those to be expected in the Upper Peninsula in February. The road commission garage responsible for maintaining the roads in the vicinity of the accident is staffed by fifteen persons who must cover approximately five hundred miles of roadway. The record indicates that on the day before the accident, the full width of the road was plowed, from shoulder to shoulder. The area received approximately two inches of snowfall later that night. On the day of the accident, defendant's snowplow made one pass to clear the road in each direction at approximately 7:30 A.M. and returned to make another pass in each direction at about 8:30 A.M.; the accident occurred in the interim. A state police trooper who investigated the collision stated that, at the time of the accident, the unplowed portion of the road was passable, and plaintiff's expert indicated that the snow on the unplowed portion was approximately three to five inches deep. As aptly stated by Judge Lambros:

> [Plaintiff is] claiming the County increased the hazard by plowing this locality, introducing an element of danger not previously present.
>
> Well, the Court, in reviewing this, does not believe that the plowing of this roadway increased, introduced a new element, somehow increased the hazard on this county

road, 5¼ Mile Road. The very fact the County makes an effort to clear the accumulation does not automatically make the snow on the roadway unnatural. As a matter of fact, they are charged with—the Road Commission is charged with keeping the roads passable, open. They must do that and the one way to do that is plow. Otherwise, there would be no snow plowing whatsoever. You have to do snow plowing one lane at a time, make one pass. He has to make one pass and come back again and make the other pass to make the road as wide as possible at any given point. He has to have time to do that. They have a lot of roads and the fact is they may not be able to make two passes, if one pass is considered going down and coming back. They make one pass and go on to some other location and come back at a later time. And one hour or an hour and a half does not make what the Road Commission is doing unreasonable or make it an unnatural accumulation.

\* \* \*

The fact is, the plows are doing their job. They don't guarantee the safety of the road. If they had to guarantee the safety of vehicles on the road when they are plowing, we can just forget snow plowing. Just don't start to do anything at all because you will be increasing the hazard.

As Judge Lambros recognized, public policy concerns dictate that the increased hazard theory should not be used to create liability in contravention of the natural accumulation doctrine when, as here, the highway commission is in the process of plowing and has not created an unusual obstacle to travel. *Davis, supra.* Accordingly, we find no error in the court's decision to grant summary disposition on the basis of the natural accumulation doctrine.

Plaintiff also contends that the trial court erred in granting summary disposition with respect to his claims that the road was unsafe, irrespective of defendant's plowing, and that defendant should have

posted signs warning that the road was narrow. See *Pick v Szymczak*, 451 Mich 607; 548 NW2d 603 (1996). These arguments are without merit. Plaintiff's experts indicated that the road would have been reasonably safe if it had been plowed to the full plowable width. Defense witnesses did not identify any problems with the road that were related to the accident. Defendant's grant application for funds to upgrade the road did not establish that the accident site was not reasonably safe, and, in any event, evidence concerning the intent to upgrade the road was inadmissible under MRE 407. As noted by defendant, on this record plaintiff's claim amounts to an assertion that defendant had a duty to make a reasonably safe road safer still. Defendant had no such duty, however. *Wechsler v Wayne Co Rd Comm*, 215 Mich App 579, 594-595; 546 NW2d 690 (1996). In the absence of evidence that the roadway was not reasonably safe, summary disposition was proper. *Id.*

Affirmed.