# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 24, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

128131

KEVIN MACLACHLAN, Personal Representative
of the Estate of DAVID MACLACHAN,
Deceased,
　　　　　Plaintiff-Appellee,

v

CAPITAL AREA TRANSPORTATION
AUTHORITY and JOHN DOE,
　　　　　Defendants,

and

CITY OF LANSING,
　　　　　Defendant-Appellant.

SC: 128131
COA: 252221
Ingham CC: 02-001949-NI

_____/

On January 10, 2006, the Court heard oral argument on the application for leave to appeal the January 20, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered. In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the Ingham Circuit Court's order granting defendant City of Lansing summary disposition based on governmental immunity. MCR 7.302(G)(1). There was no defect in the roadway rendering it unsafe for public travel at all times. Cf. *Haliw v City of Sterling Heights*, 464 Mich 297, 310 (2001).

KELLY, J., dissents and states as follows:

The majority reinstates the summary disposition for defendant and finds that "[t]here was no defect in the roadway rendering it unsafe for public travel at all times." This conclusion is at odds with credible evidence that plaintiff presented, as well as with the Court's own decision in *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143 (2000). The case should be remanded to the trial court for proceedings to resolve the factual question whether the portion of the road in question was unsafe for pedestrian travel.

Plaintiff's decedent died in a fatal automobile accident on December 15, 2000. Decedent was a regular rider of the Capital Area Transportation Authority (CATA) bus system. He stepped down from the bus that he had ridden that day onto a city street, only to find his way to the curb blocked. A three-to four-foot wall of ice and snow extended several feet into the street. Left with no access to the sidewalk, he began walking along the street in search of a break in the wall that blocked his way to safety. Before he could find one, he was struck by a car. He died from his injuries two days later.

In *Nawrocki*, this Court held that MCL 691.1402(1) imposes an actionable duty on the state to protect pedestrians from dangerous conditions in the improved portion of the roadway. *Id.* at 162. When the harm is to a pedestrian, the question becomes whether the roadway was "actually unsafe for pedestrian travel." *Id.* at 162 n 20.[1]

In reversing the Court of Appeals decision and reinstating the trial court's grant of summary disposition for the defendant, the majority ignores *Nawrocki*. It also ignores that a fact question exists. The testimony and pictures submitted by plaintiff (attached[2]) suffice to raise a genuine question of material fact regarding whether the roadway in question was dangerous for pedestrian travel.

I would remand this case to the trial court for further proceedings to determine whether the portion of the road at issue was dangerous for pedestrian travel.



---

[1] When the accident involves a pedestrian, the duty is enhanced, stated in *Nawrocki*, *supra* at 172 n 28:

> We acknowledge that repairing and maintaining the improved portion of the highway in a condition reasonably safe and convenient for *public* travel represents a higher duty of care on the part of the government than repairing and maintaining it for *vehicular* travel. [Emphasis in original.]

[2] Both photographs show the curb's edge, the height of the snow bank, and the fact that the snowbank extended into the roadbed.



CAVANAGH, J., joins the statement of KELLY, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 24, 2006

_Corbin R. Davis_
Clerk

s0221