BUCKNER v CITY OF LANSING

Docket Nos. 270455, 271670. Submitted February 7, 2007, at Lansing. Decided March 15, 2007, at 9:05 a.m. Leave to appeal sought.

Richard Rashid, personal representative of the estate of Chantell Buckner, and Michael J. Panek, conservator for LaQuata Wright, brought actions against the city of Lansing and others in the Ingham Circuit Court after Buckner and Wright, two minors who were walking on a street because the sidewalk had been rendered impassable by an accumulation of ice and snow caused by city snowplows, were struck by a car. Buckner was killed and Wright was seriously injured. Plaintiffs separately alleged that the city had breached its duty to keep the sidewalk reasonably safe and convenient for public travel by creating an unnatural accumulation of snow and ice, and that the city had failed to repair the stretch of sidewalk at issue after having disrupted it for an earlier project. The court, Beverley Nettles-Nickerson, J., denied summary disposition with respect to both claims, and the city appealed in both cases. The Court of Appeals consolidated the appeals.

The Court of Appeals *held*:

1. The trial court properly denied the city's motion for summary disposition because the city could be held liable for creating an unnatural accumulation of snow under the highway exception to governmental immunity. The record is insufficiently developed to determine whether the city is entitled to summary disposition on the ground that the accumulation was the temporary result of its reasonable efforts to clear the adjacent street of snow.

2. Nothing in the record supports the plaintiffs' claim that the city's failure to repair the sidewalk, rather than the accumulation of snow and ice, was the proximate cause of the accident, particularly in light of the fact that the accident occurred in a location well beyond where the sidewalk was allegedly defective. Accordingly, the trial court erred by denying the city's motion for summary disposition of this claim.

Affirmed in part, reversed in part, and remanded for further proceedings.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — MUNICIPALITIES — UNNATU-
RAL ACCUMULATION DOCTRINE.

> A city is not immune from suit for injuries that result from an
> unnatural accumulation of snow that prevents a sidewalk from
> being reasonably safe and convenient for public travel, but it may
> be absolved of liability if the unnatural accumulation was the
> temporary result of its reasonable snow removal efforts (MCL
> 691.1402[1]).

*Farhat & Story, P.C.* (by *Kitty L. Groh*), for LaQuata
Wright and the estate of Chantell Buckner.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani* and
*David K. Otis*), for the city of Lansing.

*Thomas M. Tupper* for Morley S. Oates Post 701
Veterans of Foreign Wars.

Before: WHITBECK, C.J., and BANDSTRA and SCHUETTE,
JJ.

BANDSTRA, J. These consolidated cases arise out of an
accident that occurred on Saginaw Street in Lansing.
Defendant, the city of Lansing, appeals from orders of
the trial court denying its motions for summary dispo-
sition. In Docket No. 270455, we conclude that the trial
court properly denied summary disposition because the
city could be found liable for creating an unnatural
accumulation of snow that caused the accident, not-
withstanding the provisions of the governmental tort
liability act (GTLA), MCL 691.1401 *et seq.* In Docket
No. 271670, we conclude that the trial court erred in
denying summary disposition because plaintiffs came
forward with insufficient evidence to establish a genu-
ine issue of fact regarding whether the alleged defect in
the city's sidewalk proximately caused the accident at
issue. We affirm in part, reverse in part, and remand for
further proceedings.

## BACKGROUND FACTS

As plaintiffs allege in their complaints, Chantell Buckner and LaQuata Wright were walking westbound along Saginaw Street in the city of Lansing. The girls had attempted to walk on the city's sidewalk on the north side of Saginaw Street, but their way was obstructed and made impassable because of an accumulation of snow and ice that resulted from the city's snowplowing on the closely adjoining street.[1] Not being able to use the sidewalk, Buckner and Wright walked on the roadway next to the curb and against the traffic flow. They were struck by an eastbound car; Buckner died as a result of the accident and Wright suffered substantial injuries.

Some years before the accident, the city had undertaken a construction project and, as a result, had interrupted the existing sidewalk on the north side of Saginaw Street. The city had not repaired or restored the sidewalk before the accident occurred.

### STANDARD OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). This case involves the applicability of the governmental immunity statute, a question of law that is also reviewed de novo. *Baker v Waste Mgt of Michigan, Inc*, 208 Mich App 602, 605; 528 NW2d 835 (1995).

---

[1] Although Saginaw Street is a state trunk line, the city maintained it under the terms of a contract with the Michigan Department of Transportation (MDOT). Although the city argues that, nonetheless, jurisdiction over Saginaw Street remained with the MDOT, that argument misses the point. Plaintiffs' allegations do not concern the street but, rather, the sidewalk over which the city clearly maintained jurisdiction and onto which the city plowed snow and ice.

ANALYSIS

DOCKET NO. 270455

The GTLA, MCL 691.1401 *et seq.*, "provides broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function[.]" *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984); see MCL 691.1407(1). Plaintiffs do not contest that the city's activities that they allege gave rise to the accident (i.e., snow removal and sidewalk maintenance) constitute governmental functions. To survive a summary disposition motion raised by a governmental defendant under the GTLA, a plaintiff must allege facts warranting the application of an exception to governmental immunity. *Smith v Kowalski*, 223 Mich App 610, 616; 567 NW2d 463 (1997). The city is immune from tort liability unless its actions fall within one of the statutory exceptions to that immunity. See MCL 691.1401(f) (defining "governmental function").

Plaintiffs allege that the "highway exception" to governmental immunity applies in this case. In pertinent part, the first two sentences[2] of MCL 691.1402(1) provide:

> [E]ach governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reason-

---

[2] The third sentence of MCL 691.1402(1) addresses the duty and resulting liability of county road commission defendants and is, thus, not at issue here. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 161; 615 NW2d 702 (2000). As will be discussed later, the fourth and final sentence of the section applies only to state and county road commission defendants and is similarly not apposite here. *Id.*

able repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

Pursuant to this subsection, the duty to maintain public sidewalks[3] falls on local governments, including cities. *Haliw v Sterling Hts*, 464 Mich 297, 303; 627 NW2d 581 (2001).

When a plaintiff alleges a cause of action based on the highway exception to governmental immunity, the court must engage in a two-step analysis. *Haliw, supra* at 304, quoting *Suttles v Dep't of Transportation*, 457 Mich 635, 651 n 10; 578 NW2d 295 (1998). First, we must determine whether "the alleged injury occurred in a location encompassed by MCL 691.1402(1)." *Id.* Plaintiffs' allegations suffice to meet this first requirement; they state that the accident occurred because of the city's failure to properly maintain a sidewalk within its jurisdiction.

Having satisfied the first step of the analysis, plaintiffs must further "prove, consistent with traditional negligence principles, the remaining elements of breach, causation, and damages contained within the statute." *Id.* By its clear terms, the statute imposes a duty on the city to "maintain" its sidewalk "in reasonable repair so that it is reasonably safe and convenient for public travel." *Id.*; MCL 691.1402(1). In addition, under the facts of this case, the applicability of the "natural accumulation" doctrine is pertinent to this second step of the analysis. *Haliw, supra* at 305.

The "natural accumulation" doctrine has been long recognized in Michigan. See, e.g., *Johnson v City of Marquette*, 154 Mich 50, 53-54; 117 NW 658 (1908).

---

[3] The statutory definition of "highway" specifically includes "sidewalks." MCL 691.1401(e).

" '[A] governmental agency's failure to remove the natural accumulations of ice and snow on a public highway does not signal negligence of that public authority.' " *Haliw, supra* at 305, quoting *Stord v Dep't of Transportation,* 186 Mich App 693, 694; 465 NW2d 54 (1991). Conversely, however, when an accumulation of ice and snow is the result of unnatural causes, the municipality may be liable for injuries that are proximately caused by the accumulation. *Hampton v Master Products, Inc,* 84 Mich App 767, 770; 270 NW2d 514 (1978).

> If, on the other hand, ice or snow on a roadway constitutes an unnatural accumulation rather than a natural accumulation, the governmental agency may be liable. In order to render a municipality liable, the interference with travel must be unusual or exceptional, that is, different in character from conditions ordinarily and generally brought about by winter weather in a given locality. Some courts have stated the test as whether the defendant's actions increased the hazard to the plaintiff. To be liable under the increased hazard theory, the defendant's act of removing ice and snow must have introduced a new element of danger not previously present, or created an obstacle to travel, such as a snow bank, that exceeds the inconvenience posed by a natural accumulation. [*Skogman v Chippewa Rd Comm,* 221 Mich App 351, 354; 561 NW2d 503 (1997) (internal quotations and citations omitted).]

Plaintiffs here allege that the city created an unnatural accumulation of ice and snow on the sidewalk that prevented Buckner and Wright from using the sidewalk and forced them into the street where the accident occurred. The city does not contest that the accumulation of ice and snow on the sidewalk was unnatural, i.e., it does not argue that the accumulation occurred as the result of natural forces. Certainly, the accumulation resulted at least in part from the activities of the city in plowing snow on Saginaw Street.

The city does argue that, even though the accumulation of ice and snow on the sidewalk was "unnatural," it should not be held liable because the accumulation was only temporary and was part of its reasonable effort to clear the Saginaw Street area following heavy and repeated snowfalls. We recognize that such facts may absolve the city of any liability, as they have in previous cases. See, e.g., *Skogman, supra* at 355-357 (affirming summary disposition granted to a road commission that caused an accumulation of snow temporarily, during the reasonable process of plowing a roadway); *Davis v Morton*, 143 Mich App 236, 241; 372 NW2d 517 (1984) (the increased hazard theory did not apply to a situation where a plaintiff fell on previously fallen snow and ice allegedly made more slippery by ongoing snow removal and salting efforts). However, the record before us is insufficiently developed to determine whether, under the facts of this case, the city is entitled to summary disposition on this basis; a further motion in this regard may be appropriate following additional discovery.

In sum, § 1402(1) of the GTLA imposes liability on the city, in avoidance of governmental immunity, if it failed to "maintain" a sidewalk "in reasonable repair so that it is reasonably safe and convenient for public travel." *Haliw, supra* at 304. Similarly, applying the "natural accumulation" doctrine as directed by *Haliw, supra* at 305, the city may be liable for creating a new element of danger and an obstacle to travel on the sidewalk as a result of its snowplowing activity on the adjoining Saginaw Street. In other words, while the "natural accumulation" doctrine might absolve the city of liability for breach of a duty otherwise imposed by MCL 691.1402(1) in avoidance of immunity, it does not do so on the existing record.

*NAWROCKI* AND *HALIW*

The city contends that, notwithstanding the forego-
ing analysis, it is entitled to summary disposition under
the Supreme Court precedents in *Nawrocki, supra,* and
*Haliw, supra.* We disagree.

*Nawrocki* involved consolidated cases against two
defendant county road commissions. In the first case,
the plaintiff alleged that she stepped on cracked and
broken pavement on the surface of a roadway within
the jurisdiction of the Macomb County Road Commis-
sion. *Nawrocki, supra* at 152. In the second, the plain-
tiff alleged that the Shiawassee County Road Commis-
sion had negligently failed to install adequate stop signs
and traffic signals at an intersection where he was
involved in an accident. *Id.* at 154. The Court, *id.* at
158, analyzed § 1402(1) of the GTLA sentence by sen-
tence and based its analysis on the fourth and final
sentence of that section, which provides:

> The duty of the state and the county road commissions
> to repair and maintain highways, and the liability therefor,
> shall extend only to the improved portion of the highway
> designed for vehicular travel and shall not include side-
> walks, crosswalks, or any other installation outside of the
> improved portion of the highway designed for vehicular
> travel. [MCL 691.1402(1).]

The Court concluded that this fourth sentence, which is
"specifically applicable to the state and county road
commissions, proceeds to narrowly limit the general
duty to repair and maintain [a highway] . . . 'only to the
improved portion of the highway designed for vehicular
travel.' " *Id.* at 161. Accordingly, the Court reasoned
that "the plain language of this sentence definitively
limits the state and county road commissions' duty with
respect to the *location* of the alleged dangerous or
defective condition; if the condition is not located in the

actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable and liability does not attach." *Id.* at 161-162. The Court therefore determined that the exception to government immunity applied with respect to the case involving allegedly cracked and broken pavement on a roadway, but that it did not apply to the case involving allegedly insufficient traffic signs and signals. *Id.* at 162-163, 174.

The city argues that, under *Nawrocki*, the highway exception to governmental immunity cannot apply unless plaintiff alleges an actual defect in the sidewalk, meaning that allegations of an accumulation of snow and ice on the surface of the sidewalk cannot suffice. We disagree. As discussed earlier, the *Nawrocki* Court limited the exception to "actual roadbed" defects on the basis of the fourth sentence of MCL 691.1402(1). That sentence is specifically applicable only to state and county road commission defendants. With respect to those defendants only, the fourth sentence "narrowly limit[s] the general duty to repair and maintain" otherwise imposed by § 1402(1). That limitation is inapplicable in the case before us, where defendant is a municipality. Here, only the first two sentences of the subsection, quoted above, apply; they impose a duty to "maintain" sidewalks "in reasonable repair so that [they are] reasonably safe" for public travel. See *Haliw*, *supra* at 303 (applying only the first and second sentence of subsection 1402[1] to a case involving a municipal defendant).[4]

---

[4] The city further relies on *Johnson-McIntosh v Detroit*, 266 Mich App 318; 701 NW2d 179 (2005), a case involving a municipal defendant. However, contrary to plaintiff's implicit argument, *Johnson-McIntosh* did not conclude that the highway exception only allows municipalities to be found liable where there is a defect in the actual surface of a highway. Instead, *Johnson-McIntosh* merely concluded that the allegedly defective traffic signals at issue there did not fit within the statutory definition of

We also find the city's reliance on *Haliw* to be misplaced even though *Haliw* involved a municipal defendant. In contrast to the present case, the snow and ice on the sidewalk where the plaintiff in *Haliw* slipped and fell had accumulated naturally. Relying primarily on *Hopson v Detroit*, 235 Mich 248; 209 NW 161 (1926), the Court held that "a plaintiff cannot recover in a claim against a governmental agency where the sole proximate cause of the slip and fall is the natural accumulation of ice or snow. . . . Rather, there must exist the combination of the ice or snow and the defect that, in tandem, proximately causes the slip and fall." *Haliw, supra* at 311. The Supreme Court noted that the rule it was adopting was specific to "the context of the natural accumulation doctrine and the highway exception to governmental immunity." *Id.* at 311-312 n 11. Thus, while a defect in the sidewalk itself would be required to avoid governmental immunity if this were a natural accumulation case, *Haliw* does not establish that rule for this case involving unnatural accumulation.[5]

---

"highway," MCL 691.1401(e). *Johnson-McIntosh, supra* at 326, citing *Nawrocki, supra* at 182 n 37, and *Weaver v Detroit*, 252 Mich App 239, 240; 651 NW2d 482 (2002). In contrast, as noted earlier, the statutory definition of "highway" specifically includes the sidewalk at issue here. MCL 691.1401(e).

[5] We recognize that our Supreme Court has applied *Haliw* in a summary disposition order that granted a municipality the protection of governmental immunity in what the city argues was, factually, an "unnatural accumulation" case. *MacLachan v Capital Area Transportation Auth*, 474 Mich 1059 (2006). However, summary disposition orders of the Court constitute binding precedent only when they "contain[] a concise statement of the applicable facts and the reason for the decision." *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993). The *MacLachan* order did not specify that the case involved an unnatural accumulation of snow and certainly did not consider whether such an accumulation was important to its reasoning. In light of the fact that, as discussed earlier, *Haliw* quite specifically limited its holding to "natural

In sum, we conclude that neither *Nawrocki* nor *Haliw* provides a basis to conclude that the highway exception to government immunity is inapplicable to this case. If the fact-finder determines that, by creating the accumulation of snow and ice on the sidewalk, the city breached its duty under § 1402(1) and the "natural accumulation" precedents, proximately causing damages to plaintiffs, liability may be imposed. Accordingly, the trial court properly determined, in Docket No. 270455, that summary disposition for the city should be denied.

DOCKET NO. 271670

In this case, plaintiffs alleged that, because of an earlier street project, the sidewalk had been disrupted and the city had failed to repair it before the accident. Assuming that the city thereby breached a duty, however, plaintiffs must also allege facts showing that the sidewalk defect proximately caused the accident. *Haliw*, *supra* at 304.

There is nothing in the record here that would support that claim. Clearly, the gravamen of plaintiffs' complaint against the city in these cases is the unnatural accumulation of snow and ice that prevented Buckner and Wright from using the sidewalk. Plaintiffs make no allegation that the girls' decision to avoid the sidewalk had anything to do with a defect within it, apart from the accumulation of snow and ice. Even if we were to speculate that the city failed to remove the snow and ice because the sidewalk beneath it was defective, the causative element would be the city's decision in this regard, not the defect. Further, the record indicates

---

accumulation" situations, we do not conclude that *MacLachan* may properly be considered a *sub silentio* extension of the *Haliw* rule to unnatural accumulation cases.

that, at the point where the accident occurred, the girls had moved well beyond where the sidewalk was defective, and the only thing preventing them from returning to the sidewalk was the accumulation of snow and ice.

Accordingly, plaintiffs could not establish that any defect in the sidewalk proximately caused the accident at issue here, and the trial court improperly denied the city summary disposition in Docket No. 271670.

## CONCLUSION

We affirm the decision denying summary disposition to the city in Docket No. 270455, but reverse the decision denying the city summary disposition in Docket No. 271670. We remand for further proceedings consistent with this opinion. We do not retain jurisdiction.