# STATE OF MICHIGAN

# COURT OF APPEALS

KATHY J. DIEM and JERRY C. DIEM,

      Plaintiffs-Appellants,

v

HOME-OWNERS INSURANCE COMPANY,
DOUGLAS GILDENSTERN, and ANDREW
KRAWCZYNSKI, also known as JOHN DOE
SNOWPLOWER,

      Defendants,

and

BOARD OF CLARE COUNTY ROAD
COMMISSIONERS,

      Defendant-Appellee.

UNPUBLISHED
April 19, 2018

No. 337335
Clare Circuit Court
LC No. 15-900011-NI

Before: MURPHY, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs, Kathy J. Diem (plaintiff) and Jerry C. Diem (Diem), appeal as of right, challenging the circuit court's December 14, 2015 order granting summary disposition in favor of defendants, the Board of Clare County Road Commissioners (the Road Commission), and its employee, Andrew Krawczynski, pursuant to MCR 2.116(C)(7) (governmental immunity). We affirm.

## I. FACTS

Plaintiff claimed that on the afternoon of February 9, 2013, she was cresting a hill on Townline Lake Road in Harrison, Michigan, when she saw a vehicle approaching from the opposite direction. According to plaintiff, she pulled as far right as she could, but there were snowbanks on either side of the road and the road was too narrow for both cars to pass. The oncoming vehicle hit her vehicle head-on, causing serious injuries. A traffic crash report indicated that the accident occurred when both vehicles were going over a hill at the same time, and snowbanks on both sides of the road made the road narrow.

-1-

Plaintiffs filed suit against the Road Commission and Andrew Krawczynski, alleging that Krawczynski had dangerously narrowed the road to one passable lane and that Douglas Gildenstern, the driver of the other vehicle, had been traveling at an excessive rate of speed. The Road Commission and Krawczynski moved for summary disposition under MCR 2.116(C)(7), arguing that governmental immunity barred plaintiffs' claims. After discovery and supplemental briefing, the circuit court agreed with defendants and dismissed plaintiffs' case. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Wood v City of Detroit*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 335760); slip op at 2. "[T]he applicability of governmental immunity is a question of law that this Court reviews de novo." *Id*. (citation omitted). Likewise, we review the applicability of any exceptions to governmental immunity de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

"As a general rule, a governmental agency is immune from tort liability when it is 'engaged in the exercise or discharge of a governmental function.' In order to assert a viable claim against a governmental agency, a plaintiff must plead facts that establish an exception to governmental immunity applies to his or her claim." *Wood*, ___ Mich App at ___; slip op at 2 (citations omitted). "A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of governmental immunity." *Pew v Mich State Univ*, 307 Mich App 328, 331-332; 859 NW2d 246 (2014). The moving party may support a motion under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial. *Id*. This Court considers the contents of the plaintiff's complaint to be true, unless contradicted by the documentary evidence. *Id*. If reasonable minds could not differ on the legal effects of the facts, whether governmental immunity bars a plaintiff's claim is a question of law. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

## III. HIGHWAY EXCEPTION

Plaintiff first argues that the highway exception to governmental immunity is applicable. We disagree.

The governmental immunity act provides "broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function." *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 595; 363 NW2d 641 (1984). A plaintiff may only sue a governmental entity in tort if the suit falls within one of the six statutory exceptions to governmental immunity. *Moraccini*, 296 Mich App at 392. This Court broadly construes the scope of governmental immunity and narrowly construes its exceptions. *Id*. The highway exception to governmental immunity provides that "[a] person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." MCL 691.1402(1). This duty extends only to the improved portion

of the highway designed for vehicular travel, and exists whether the road is paved or unpaved. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 161, 180; 615 NW2d 702 (2000).

A plaintiff seeking to establish the highway exception to governmental immunity must prove that his or her injuries resulted from a defect of the surface, "as distinct from the accumulation of ice." *Haliw v Sterling Hts*, 464 Mich 297, 308; 627 NW2d 581 (2001). A plaintiff must establish that a "*combination* of ice *and* a defect" caused his or her injury. *Id*. at 310. A plaintiff who cannot establish a defect in the surface of the highway cannot establish that a defective highway proximately caused his or her injury. *Id*. at 311. There must be "a persistent defect in the highway . . . rendering it unsafe for public travel at all times, and which combines with the natural[1] accumulation of ice or snow to proximate cause injury . . . ." *Id*. at 312.

Plaintiffs take issue with the physical structure of the roadbed, and argue that the road was not maintained in a safe manner for travel because the snowpack, which constituted the roadbed surface, had not been reasonably maintained. However, where plaintiffs have failed to identify any defect with the actual roadbed surface, we conclude that plaintiffs' argument lacks merit.

In this case, plaintiffs have not established, or even alleged, that there was a defect in the road surface. Even accepting as true that the snowpack is part of the road surface, plaintiffs do not allege that a defect in the snowpack caused the accident. Rather, plaintiffs allege that the snow banks created when the road was plowed caused the road to narrow to one passable lane, which in turn, caused the accident in which plaintiff sustained serious bodily injuries. Because plaintiffs have neither alleged nor proven that there was a defect in the highway surface, they are not entitled to take advantage of the highway exception to governmental immunity.

Further, plaintiffs argue that by plowing the snow into banks, the Road Commission created a hazard that renders it liable under an "increased hazard" theory. In support of this argument, plaintiffs rely on precedent from this Court that is contrary to more recent precedent from our Supreme Court. In 1997, this Court stated that a governmental agency may be liable for unnatural accumulations of ice and snow. *Skogman v Chippewa Co Rd Comm*, 221 Mich App 351, 354; 561 NW2d 503 (1997). However in 2001, our Supreme Court stated that there must be an independent defect apart from the accumulation of ice or snow for the highway exception to governmental immunity to apply. *Haliw*, 464 Mich at 308 n 9. A determination of whether the ice or snow is a natural or unnatural accumulation is not central to whether the defect rendered the surface unreasonably safe. *Id*. Additionally, in 2008, our Supreme Court stated that an accumulation of ice and snow, "regardless of whether it accumulated through natural causes or otherwise," did not constitute a defect in the surface and governmental immunity barred the plaintiff's claim. *Buckner Estate v City of Lansing*, 480 Mich 1243, 1244;

---

[1] In *Haliw,* the Court also stated that it does not matter whether the accumulation of ice and snow is natural or unnatural. *Haliw*, 464 Mich at 308 n 9.

747 NW2d 231 (2008). Accordingly, the presence of an accumulation of ice or snow, whether natural or unnatural, does not render the actual road surface defective.

This Court must follow decisions by our Supreme Court even if a panel of this Court decided the same issue in a contrary fashion. *Charles A Murray Trust v Futrell*, 303 Mich App 28, 48-49; 840 NW2d 775 (2013). Under Michigan Supreme Court precedent, it does not matter whether the presence of snow is natural or manmade because snow does not constitute a defect in the road surface itself. Because there was no defect in the road's surface itself, the highway exception to governmental immunity does not apply.

## IV. MOTOR VEHICLE EXCEPTION

Plaintiffs next argue that the trial court erred when determining that the motor vehicle exception to governmental immunity did not apply. We disagree.

A second exception to governmental immunity is that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ." *Wood*, ___ Mich App at ___; slip op at 2; MCL 691.1405. The word operation "encompasses activities that are directly associated with the driving of a motor vehicle." *Chandler v Muskegon Co*, 467 Mich 315, 321; 652 NW2d 224 (2002). This generally means "the ordinary use of the vehicle *as* a motor vehicle, namely, driving the vehicle." *Id*. at 321-322.

A vehicle may be in operation while it is stopped if it is carrying out its intended function, such as a garbage truck that is stopped while picking up garbage. *Strozier v Flint Community Schs*, 295 Mich App 82, 91; 811 NW2d 59 (2011). However, the injury must "*result from* the negligent operation" of the vehicle. MCL 691.1405 (emphasis added). An injury does not "result from" the operation of a motor vehicle if the vehicle "did not hit the [other] car or physically force it off the road or into another vehicle or object." *Robinson v Detroit*, 462 Mich 439, 457; 613 NW2d 307 (2000) An injury also does not "result from" the operation of a motor vehicle if there is an intervening decision, separate from the operation of the vehicle itself. *Id*.

Plaintiffs contend that the motor vehicle exception applies here because the collision resulted from the snowplow's act of plowing snow. Plaintiffs are incorrect because the snowplow driver's decision regarding how wide to plow the road was an intervening decision for purposes of the motor vehicle exception. In this case, the snowplow itself was not involved in the accident. It did not physically hit Diem's car or force it into another vehicle. Diem alleged that the condition of the road itself forced her vehicle into the other vehicle because the road was too narrow. As in *Robinson*, Krawczynski's decision about how wide to plow the road was an intervening decision, separate from the operation of the snowplow itself. Because plaintiffs' injuries did not result from the snowplow's use as a vehicle, but rather resulted from the plow operator's separate decision regarding how wide to plow the road, the motor vehicle exception does not apply in this case.

## V. GROSS NEGLIGENCE

Finally, plaintiffs argue that the trial court erred when it determined that Krawczynski was entitled to governmental immunity because his conduct in plowing the road too narrowly was not the proximate cause of the accident. We disagree.

A defendant who is an individual employee of a governmental agency is entitled to governmental immunity if (1) the employee reasonably believed he or she was acting within the scope of his or her authority, (2) the employee was engaged in the exercise or discharge of a governmental function, and (3) the employee's conduct "does not amount to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(a) to (c). The proximate cause of an injury is "the one most immediate, efficient, and direct cause preceding an injury." *Robinson*, 462 Mich at 458-459. This Court must consider the defendant's actions alongside other potential proximate causes to determine whether the defendant's actions could have been the proximate cause. *Ray v Swager*, 501 Mich 52, 76; 903 NW2d 366 (2017). Nonhuman and natural forces cannot be considered "the proximate cause" of an injury. *Id.* at 72.

In this case, accepting plaintiffs' allegations as true, the road was too narrow for both cars to pass. However, plaintiffs also alleged that Gildenstern's vehicle was traveling "at a rate of speed that was in excess of that required by the circumstances," and that Kathy Diem was injured as a result of the vehicles colliding. The trial court did not err when it determined that the narrowness of the road was not *the* proximate cause of the accident. If we accept as true that the road was too narrow for the two vehicles to pass safely, the narrowness of the road was certainly *a* proximate cause of the accident, but the more direct cause was the impact with Gildenstern's vehicle. Accordingly, the narrowness of the road was not the most direct, immediate, and efficient reason why Kathy Diem was injured. The circuit court did not err by granting summary disposition on this ground.

Affirmed.

/s/ William B. Murphy
/s/ Kathleen Jansen
/s/ Brock A. Swartzle