On order of the Court, leave to appeal having been granted and the briefs and oral argument of the parties having been considered by the Court, we reverse in part the March 15, 2007 judgment of the Court of Appeals. MCR 7.302(G)(1). Under the doctrine of governmental immunity, MCL 691.1401 et seq., governmental agencies are entitled to immunity “for all tort liability whenever they are engaged in the exercise or discharge of a *1244 governmental function.” Nawrocki v Macomb Co Rd Comm, 463 Mich 143, 156 (2000) (emphasis in original). However, the Legislature has provided six specific exceptions to this general immunity; at issue here is the highway exception to immunity, MCL 691.1402(1). A governmental agency with jurisdiction over a highway has the duty to “maintain the highway in reasonable repair.” MCL 691.1402(1); Nawrocki, supra at 160. The term “highway” includes “sidewalks.” MCL 691.1401(e). In order to show that a governmental agency failed to “maintain [a] highway in reasonable repair,” a plaintiff must demonstrate that a “defect” exists in the highway. Nawrocki, supra at 158; Haliw v City of Sterling Hts, 464 Mich 297, 309 n 9 (2001). Because the accumulation, by itself, of ice and snow on a sidewalk, regardless of whether it accumulated through natural causes or otherwise, does not constitute a “defect” in the sidewalk, plaintiffs have not shown that defendant violated its duty to “maintain” the sidewalk “in reasonable repair.” Thus, there is no need for this Court to address the issue of proximate causation. Accordingly, MCL 691.1402(1) bars plaintiffs’ suit. We remand this case to the Ingham Circuit Court for entry of an order granting defendant’s motion for summary disposition and for further proceedings not inconsistent with this order. Reported below: 274 Mich App 672.