# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 6, 2013

146047-8 & (44)

DEBRA L. HAGERTY, Personal
Representative of the ESTATE OF DEBRA
LOUISE HAGERTY-KRAEMER,
       Plaintiff-Appellee,

v

BOARD OF MANISTEE COUNTY
ROAD COMMISSIONERS,
       Defendant-Appellant.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack,
Justices

SC: 146047-8
COA: 304369, 304439
Manistee CC: 10-014081-NI

_____/

On order of the Court, the motion for leave to file brief amicus curiae is GRANTED. The application for leave to appeal the September 11, 2012 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that portion of the Court of Appeals judgment which held that the defendant is not entitled to the protection of governmental immunity, and we VACATE the remainder of the court's analysis because it is unnecessary to the disposition of the case. The plaintiff's decedent was fatally injured when the vehicle she was driving left an unpaved road in Manistee County and hit a tree. The plaintiff alleged that this accident occurred when an oncoming motorist caused a cloud of dust to rise from the roadway, causing the decedent to lose her orientation, drive into soft sand on the edge of the road, and veer off the roadway. This theory of causation failed to point to a condition of the highway in need of repair. A dust cloud rising from an unpaved road is not a defect in the physical structure of the roadbed, as required for liability to arise under the Governmental Tort Liability Act highway exception, MCL 691.1402(1). *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 176-177 (2000). Moreover, a plaintiff cannot recover in a claim where the sole proximate cause of the injury is a natural substance that has accumulated over a highway. See *Haliw v Sterling Heights,* 464 Mich 297, 311 (2001). An accumulation of gravel, whether natural or otherwise, does not implicate the defendant's duty to maintain the highway in "reasonable repair." *Paletta v Oakland Co Rd Comm,* 491 Mich 897 (2012); *Estate of Buckner v City of Lansing,* 480 Mich 1243 (2008). We REMAND this case to the Manistee Circuit Court for entry of an order granting summary disposition to the defendant pursuant to MCR 2.116(C)(7).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 6, 2013

_____
Clerk

t0130