# STATE OF MICHIGAN

# COURT OF APPEALS

CARMEN MENDEZ-VELEZ,

Plaintiff-Appellee,

v

CITY OF DETROIT,

Defendant-Appellant,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,

Defendant.

UNPUBLISHED
March 3, 2015

No. 317276
Wayne Circuit Court
LC No. 13-004349-NI

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

PER CURIAM.

Defendant city of Detroit (defendant)[1] appeals by right the trial court's order denying its motion for summary disposition. We reverse and remand for entry of judgment in favor of defendant consistent with this opinion.

This action arises out of the injuries sustained by plaintiff when the vehicle in which she was riding crashed into a tree that had fallen across Otis Street in Detroit, Michigan. Plaintiff filed this action alleging that defendant was liable for her injuries because it had breached its duty to rectify defects in the roadway by failing to remove the tree. The trial court denied defendant's motion for summary disposition, in which defendant asserted that plaintiff failed to allege or establish facts in avoidance of governmental immunity. On appeal, defendant argues that the trial court erred by denying its motion for summary disposition because plaintiff failed to demonstrate that her injury was caused by a defect in the roadbed of the street, which is required

---

[1] In this opinion, the term "defendant" denotes the city of Detroit only. Pursuant to a stipulation between the parties, the trial court entered an order that dismissed defendant Citizens Insurance Company of America from the case on August 11, 2014.

in order to establish a cause of action under the highway exception to governmental immunity. The parties do not dispute that Otis Street was a public road that was subject to defendant's jurisdiction when the incident occurred.

The trial court may grant summary disposition when "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of . . . immunity granted by law." MCR 2.116(C)(7). We review de novo the trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). We also review de novo "[t]he applicability of governmental immunity and the statutory exceptions to immunity." *Id*. "Issues of statutory construction are questions of law, which we review de novo." *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 253; 819 NW2d 68 (2012).

At issue in this case is the "highway exception" to governmental immunity, MCL 691.1402(1), which provides in relevant part:

> (1) Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. . . . Except as provided in section 2a, the duty of a governmental agency to repair and maintain highways, and the liability for that duty, extends only to the improved portion of the highway designed for vehicular travel and does not include sidewalks, trailways, crosswalks, or any other installation outside of the improved portion of the highway designed for vehicular travel.

"Highway" is defined as "a public highway, road, or street that is open for public travel," and includes "a bridge, sidewalk, trailway, crosswalk, or culvert on the highway." MCL 691.1401(c). However, the definition of highway "does not include an alley, *tree*, or utility pole." *Id*. (emphasis added).

Our Supreme Court has stated that "the immunity conferred upon governmental agencies is broad, and the statutory exceptions thereto are to be narrowly construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). Accordingly, "[a]n action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute." *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000).

Under MCL 691.1402(1), a governmental unit has a basic duty to "maintain [a] highway [under its jurisdiction] in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1); see also *Nawrocki*, 463 Mich at 160. This statutory language only comprises *one* duty, i.e., to "maintain [a] highway in reasonable repair"; the language "does not establish a second duty to keep the highway 'reasonably safe.'" *Nawrocki*, 463 Mich at 160. Additionally, to show that a governmental agency "failed to 'maintain [a] highway in reasonable

repair,' a plaintiff must demonstrate that a 'defect' exists in the highway." *Estate of Buckner ex rel Rashid v Lansing*, 480 Mich 1243, 1244; 747 NW2d 231 (2008) (citations omitted).

As noted, a plaintiff must demonstrate that his or her injuries were caused by a defect in "the improved portion of the highway designed for vehicular travel." MCL 691.1402(1). Thus, "if the condition [that gave rise to the plaintiff's injuries] is not located in the actual roadbed designed for vehicular travel, the narrowly drawn highway exception is inapplicable and liability does not attach." *Nawrocki*, 463 Mich at 162.

Consistent with these principles, Michigan courts have held that substances or objects that are present on top of a highway do not constitute "defects" in the roadbed of the highway itself and, therefore, do not trigger the highway exception to governmental immunity. For instance, in *Hagerty v Manistee Co Bd of Rd Comm'rs*, 493 Mich 933, 934; 825 NW2d 581 (2013), our Supreme Court observed:

> A dust cloud rising from an unpaved road is not a defect in the physical structure of the roadbed, as required for liability to arise under the Governmental Tort Liability Act highway exception, MCL 691.1402(1). Moreover, a plaintiff cannot recover in a claim where the sole proximate cause of the injury is a natural substance that has accumulated over a highway. An accumulation of gravel, whether natural or otherwise, does not implicate the defendant's duty to maintain the highway in "reasonable repair." [Citations omitted.]

Similarly, in *Buckner* our Supreme Court held that accumulated snow and ice did not constitute a *defect* in the highway itself regardless of whether the accumulation had occurred naturally or otherwise. *Buckner*, 480 Mich at 1244. Accordingly, the defendant's failure to remove the snow and ice did not constitute a failure to " 'maintain' the [highway] 'in reasonable repair.' " *Id*.

The defective condition that caused plaintiff's injuries was a tree, which had fallen across the roadway. The tree was lying on top of the road and, accordingly, not a defect in the physical structure of the road itself. *Hagerty*, 493 Mich at 934. Indeed, plaintiff has not alleged any "defect in the physical structure of the roadbed, as required for liability to arise under the . . . highway exception, MCL 691.1402(1)." *Hagerty*, 493 Mich at 934. We therefore conclude that the trial court erred by denying defendant's motion for summary disposition.

Reversed and remanded for entry of judgment in favor of defendant consistent with this opinion. We do not retain jurisdiction. As the prevailing party, defendant may tax its costs pursuant to MCR 7.219.

/s/ Jane M. Beckering
/s/ Kathleen Jansen
/s/ Mark T. Boonstra