# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA A. KOZAK and KEVIN J. KOZAK,

        Plaintiffs-Appellants,

v

CITY OF LINCOLN PARK,

        Defendant-Appellee.

UNPUBLISHED
July 21, 2015

No. 319797
Wayne Circuit Court
LC No. 12-010845-NO

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

BECKERING, P.J. (*dissenting*).

In this personal injury action, Plaintiffs Barbara and Kevin Kozak are seeking recovery for injuries Barbara sustained when she tripped and fell while crossing a street in the City of Lincoln Park due to an approximately three-inch drop in the roadway running down the center of the street. I respectfully dissent from the majority opinion. In my view, the trial court erred in granting defendant's motion for summary disposition because, despite finding that the condition of the roadway at issue was "absolutely" unreasonably unsafe, the court misinterpreted the language in *Wilson v Alpena Co Rd Comm*, 474 Mich 161; 713 NW2d 717 (2006), and concluded that an unrebutted affidavit signed by one of defendant's employees concerning his opinion that the roadway was not unsafe required dismissal of the case. I would find that, consistent with *Wilson*, a plaintiff does not need to proffer evidence that literally describes or proves what a reasonable road commission would do under the facts of the instant case, e.g., a series of affidavits prepared by road commissions or other governmental agencies regarding what they would have done if they were aware of the defect on which plaintiff was injured. Instead, to survive a motion for summary disposition, plaintiffs may submit evidence from which an inference may be drawn "that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." *Id*. at 169. The majority's interpretation of *Wilson*, with which I disagree, would lead to nothing but self-serving affidavits by road commissions—for themselves and other road commissions—in order to thwart liability arising from their failure to keep roadways in reasonable repair. Because plaintiff produced photographic evidence from which a reasonable juror could conclude that defendant failed to maintain the roadway in reasonable repair such that it was not reasonably safe and convenient for public travel, I would reverse the trial court's grant of summary disposition and remand for further proceedings.

-1-

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Between 4:00 p.m. and 6:00 p.m. on February 23, 2012, Barbara was crossing the street in front of 813 Kings Highway, Lincoln Park, Michigan. She was house shopping with Kevin and planning to look at the property adjacent to 813 Kings Highway. At her deposition, Barbara explained, "I was walking [across the street] and then all of a sudden I wasn't anymore. The ground fell from underneath me." After she fell, she noticed the "drop-off" or elevation difference in the road, which she did not see when approaching from the raised side of the roadway.

Plaintiffs filed this action alleging that defendant was liable for Barbara's injuries pursuant to the highway exception to governmental immunity because it breached its duty to maintain the roadway in reasonable repair. Plaintiffs alleged that Barbara sustained "grievous and painful" injuries from the fall, including to her knee and lower back.

Mary Uncapher resided at 819 Kings Highway at the time of the incident, which was next door to a house that was for sale. She remembered a woman falling in front of the house next door to her home. She testified at her deposition that the crack or difference in elevation in the road had been present for "[p]robably a few years," although she was unsure when the elevation difference grew to be approximately three inches.[1]

Plaintiffs produced photographs of the subject defect. The photographs reveal a three-inch difference in height—as depicted with a measuring tape—between each lane of the two-lane roadway for what appears to be an extended length of the roadway, much like a fault line running down the middle of the road.

Robert Bartok, the Director of Public Services for defendant, who is responsible for roadways and sidewalks under defendant's jurisdiction, prepared an affidavit after the incident. He stated that the condition that allegedly caused Barbara's injuries, which he described as "a difference in elevation between two slaps [sic] of pavement that run in the center of Kings Highway near 813 Kings Highway," did "not impact vehicular traffic" and was "not at any pedestrian walkway or crosswalk." He stated that he was unaware of any other accidents that have occurred in the area due to the elevation difference and that, "[i]n [his] opinion as the Director of Public Services for the City of Lincoln Park, this condition does not render the highway either unsafe or inconvenient for public travel." Likewise, he stated, "I believe the highway in this area is in fact reasonably safe and convenient for public travel."

Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). Defendant argued the highway exception to governmental immunity was not triggered

---

[1] Uncapher also testified that defendant made the following repairs 12 to 15 years before her deposition: "They resurfaced by my driveway because there was water from the waterlines seeping. It was washing stuff away. So they put, I think, four or five new cement squares in. It wasn't elevated. And then they blacktopped where the thing was. The deviation that you're saying, they had that blacktopped."

in this case because there was no admissible evidence demonstrating that it had failed to maintain the road on which Barbara fell so that it was reasonably safe and convenient for public travel. Defendant noted that the area where Barbara fell "was mid-block" and not designed for pedestrian travel.[2] Defendant asserted that its records did not include any indication of other injuries or complaints related to the area and argued that plaintiffs had failed to submit any evidence to contradict Bartok's affidavit opining that the road was reasonably safe. Defendant claimed that in light of the language in *Wilson*, 474 Mich 161, which requires a plaintiff to present evidence that a reasonable road commission that was aware of the condition would have believed that it posed an unreasonable threat to public travel and addressed it, it was entitled to summary disposition.

Plaintiffs opposed defendant's motion, asserting that "public travel" under MCL 691.1402(1) includes pedestrian traffic, not just vehicular traffic. Further, they contested defendant's claim that the roadway was in reasonable repair and submitted their photographic evidence that depicted an elevation difference of approximately three inches, along with Barbara's and Uncapher's deposition testimony.[3] Thus, they argued, they had created a question of fact regarding whether it was maintained in reasonable repair. Plaintiffs also cited the two-inch presumption with regard to vertical discontinuities in sidewalks under MCL 691.1402a. With regard to *Wilson*, 474 Mich 161, and *Ellerbee v City of Detroit*, unpublished opinion per curiam of the Court of Appeals, issued June 13, 2013 (Docket No. 308952), cited by defendant in its motion, plaintiffs argued that both addressed whether a defendant had *notice* of a defect 30 days before an accident and did not negate plaintiffs' "evidence of defect." Additionally, plaintiffs asserted that the deposition testimony of Uncapher met the notice requirements of the highway exception to governmental immunity.[4]

At a hearing on defendant's motion, the trial court stated:

Listen, I've looked at your pictures. I agree with you; they should have fixed it[,] but that's not the standard. Do I think it's unreasonably safe [sic]? I absolutely do, but that's not the standard. I can't use the sidewalk with the two-inch rule; it's a whole different statute.[5] It's a specific statute to sidewalks.

---

[2] In its reply brief, defendant continued this theme by asserting that one fall alone—"not in a crosswalk, sidewalk, or trailway"—does not demonstrate that the roadway was unsafe.

[3] Plaintiffs also attempted to rely on inadmissible hearsay evidence submitted in a report by their private investigator.

[4] At the motion hearing, defendant clarified that "[w]e're not contending [that] this is a notice case." Plaintiffs also point out in their appellate brief that notice was not at issue at the motion hearing and is not at issue on appeal. Thus, defendant's discussion about the lack of prior injuries was apparently proffered to support its argument that it was unaware that the condition at issue posed an unreasonable risk of danger.

[5] The language of MCL 691.1402a(1)(a)(emphasis added) in effect at the time of the incident clearly indicated that the section only applied to "the existence of a defect in a sidewalk,

After further argument, the trial court concluded:

> Let me quote a little bit from Wilson where it states, "[W]hile all parties concede that there was notice of certain problems that the roadway was bumpy and required frequent patching, these problems do not invariably lead to the conclusion that the road was not reasonably safe for public traffic [sic]. It may be that a road can be so bumpy that [it] is not reasonably safe, but to prove her case the plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it."

> The only thing I have is an un-rebutted affidavit from this Robert Bartock [sic] that you have not responded to. I have to grant this motion, counsel. Motion is granted."

The trial court entered an order granting defendant's motion for summary disposition for the reasons stated on the record. The trial court also denied plaintiffs' motion for reconsideration.

## II. ANALYSIS

On appeal, plaintiffs argue that the trial court erred in granting defendant's motion for summary disposition because it misinterpreted the language in *Wilson* and erroneously found that plaintiffs' photographic evidence did not establish a genuine issue of material fact. This Court reviews de novo a trial court's grant or denial of summary disposition. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). This Court also reviews de novo "[t]he applicability of governmental immunity and the statutory exceptions to immunity," *id.*, as well questions of law, *Rains v Rains*, 301 Mich App 313, 325; 836 NW2d 709 (2013).

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (C)(10) (no genuine issue of material fact). "A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law." *Pew v Michigan State Univ*, 307 Mich App 328, 331-332; 859 NW2d 246 (2014). "To survive a (C)(7) motion based on governmental immunity,

---

trailway, crosswalk, or other installation *outside of the improved portion of the highway designed for vehicular travel.*" Likewise, the rebuttable inference created when a discontinuity defect is less than two inches also specifically related to the maintenance of a "sidewalk, trailway, crosswalk, or other installation outside of the improved portion of the highway designed for vehicular travel." MCL 691.1402a. Therefore, there is no indication in MCL 691.1402a, or MCL 691.1402, that the Legislature intended the language of MCL 691.1402a to create a presumption or a standard that should be considered with regard to defendant's duty to maintain the improved portion of a highway designed for vehicular travel. In any event, contrary to defendant's assertions in its brief, plaintiffs do not raise the applicability of the two-inch rule on appeal and it is not before us.

a plaintiff must allege facts justifying the application of an exception to governmental immunity. In reviewing a (C)(7) motion, a court must accept all well-pleaded allegations as true and construe them in favor of the nonmoving party." *Tellin v Forsyth Twp*, 291 Mich App 692, 698; 806 NW2d 359 (2011) (citations and quotation marks omitted). "If the facts are not in dispute and reasonable minds could not differ concerning the legal effect of those facts, whether the claim is barred by immunity is a question for the court to decide as a matter of law." *Beals v Michigan*, __ Mich __; __ NW2d __ (Docket No. 149901, issued June 18, 2015), slip op at 7 (citation and quotation marks omitted). "However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." *Dybata v Wayne Co*, 287 Mich App 635, 637-638; 791 NW2d 499 (2010).

A motion made under MCR 2.116(C)(10) "should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "This Court is liberal in finding genuine issues of material fact." *Jimkoski v Shupe*, 282 Mich App 1, 4-5; 763 NW2d 1 (2008).

Under the Michigan governmental immunity act, MCL 691.1401 *et seq.*,[6] governmental agencies have the benefit of extensive immunity from tort liability while they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). See also *Plunkett v Dep't of Transp*, 286 Mich App 168, 181; 779 NW2d 263 (2009) (stating same). Defendant enjoys the governmental immunity established by the statute because municipal corporations qualify as governmental agencies. *Weaver v Detroit*, 252 Mich App 239, 243; 651 NW2d 482 (2002). The act includes several narrow exceptions to this immunity. At issue in this case is the "highway exception," which, in relevant part, provides the following:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency. [MCL 691.1402(1).]

The definition of "highway" includes, among other things, "a public highway, road, or street that is open for public travel." MCL 691.1401(e). The parties do not dispute that the street on which plaintiff sustained her injuries was a public road that was subject to defendant's jurisdiction.

---

[6] The statutory language cited herein was in effect when Barbara incurred her injuries on February 23, 2012. See *Moraccini*, 296 Mich App at 389 n 1 (stating that the language of an amended section of the governmental immunity act was not applicable in that case because the incident occurred before the effective date of the amendment).

The Michigan Supreme Court has stated that "the immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed." *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). Accordingly, "[a]n action may not be maintained under the highway exception unless it is clearly within the scope and meaning of the statute." *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000).

Under MCL 691.1402(1), defendant has a basic duty to "maintain [a] highway [under its jurisdiction] in reasonable repair so that it is reasonably safe and convenient for public travel." MCL 691.1402(1). See also *Nawrocki*, 463 Mich at 160 (stating same). This statutory language only comprises one duty, i.e., to "maintain [a] highway in reasonable repair."[7] Additionally, "[i]n order to show that a governmental agency," including a municipality, "failed to 'maintain [a] highway in reasonable repair,' a plaintiff must demonstrate that a 'defect' exists in the highway." *Estate of Buckner ex rel Rashid v Lansing*, 480 Mich 1243, 1244; 747 NW2d 231 (2008), citing *Nawrocki*, 463 Mich at 158, and *Haliw v Sterling Heights*, 464 Mich 297, 309 n 9; 627 NW2d 581 (2001).

Contrary to defendant's suggestion before the trial court and on appeal, the Supreme Court has concluded that the highway exception includes a duty to "protect pedestrians from dangerous or defective conditions in the improved portion of the highway designed for vehicular travel, even when the injury does not arise as a result of a vehicular accident." *Nawrocki*, 463 Mich at 162-163; see also *Sebring v City of Berkley*, 247 Mich App 666, 680-681; 637 NW2d 552 (2001) ("[T]he plain language of the highway exception cannot be construed to afford protection only when a dangerous or defective condition 'of the improved portion of the highway designed for vehicular travel' affects vehicular travel. If the alleged dangerous condition is located in the actual roadbed designed for vehicular travel, then the highway exception applies and liability can attach.") (Internal quotation marks and citations omitted).

At the motion hearing, the trial court granted defendant's motion for summary disposition based on its understanding of plaintiffs' burden under *Wilson*, 474 Mich at 169, and its finding that plaintiffs failed to rebut or respond to Bartok's affidavit, which indicated his opinion, as defendant's Director of Public Services, that the roadway on which plaintiff sustained her injuries was not unsafe or inconvenient for public travel. As such, the dispositive issue of this appeal is the proper interpretation and application of the following rule articulated by the Michigan Supreme Court in *Wilson*: "[T]o prove her case[,] plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." *Id*. at 169.

In *Wilson*, the Court "determine[d] under Michigan's governmental immunity scheme what notice of a defect in a road the governmental agency responsible for road maintenance and

---

[7] The Supreme Court stated that "[t]he phrase 'so that it is reasonably safe and convenient for public travel' refers to the duty to maintain and repair. The plain language of this phrase thus states the desired outcome of reasonably repairing and maintaining the highway; it does not establish a second duty to keep the highway 'reasonably safe.' " *Nawrocki*, 463 Mich at 160.

repair must have before it can be liable for damage or injury incurred because of the defect." *Id*. at 162-163. The Court "conclude[d] that MCL 691.1402 and 691.1403 require that the governmental agency be aware that the defect rises to the level that, if not repaired, it unreasonably endangers public travel." *Id*. at 163. Accordingly, "a plaintiff must allege that the governmental agency had actual or constructive notice of a defect in the roadbed that, because of the agency's failure to reasonably maintain or repair, resulted in the road being not reasonably safe and convenient for public travel." *Id*. Later in its opinion, the Court stated the following, which provides the context for the specific language on which the trial court based its ruling in the instant case (indicated by the italics in the first paragraph):

It is this element of notice that the road was not reasonably safe for travel that is dispositive here. In this case, neither motion under MCR 2.116(C)(10) made any attempt to argue with supporting evidence the issue whether the road was reasonably safe for public travel and, if it was not, whether defendant had notice of that condition. While all parties concede that there was notice of certain problems—that the road was bumpy and required frequent patching—these problems do not invariably lead to the conclusion that the road was not reasonably safe for public travel. It may be that a road can be so bumpy that it is not reasonably safe, *but to prove her case plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it*. Over 93 years ago, in *Jones v Detroit,* 171 Mich 608, 137 NW 513 (1912), this Court made it clear that a road in bad repair, or with rough pavement, is not per se one that is not reasonably safe. As the Court said:

Nearly all highways have more or less rough and uneven places in them, over which it is unpleasant to ride; but because they have, it does not follow that they are unfit and unsafe for travel. The most that can be said for the testimony in this case is that it established the fact that the pavement on that part of [the street] was rough, and called for more careful driving than did other portions of it. [*Id.* at 611.]

More recently, in *Scheurman v Dep't of Transportation,* 434 Mich 619, 631; 456 NW2d 66 (1990), this Court stated:

The purpose of the highway exception is not to place upon the state or the counties an unrealistic duty to ensure that travel upon the highways will always be safe. Looking to the language of the statute, we discern that the true intent of the Legislature is to impose a duty to keep the physical portion of the traveled roadbed *in reasonable repair.* [Emphasis added.]

Accordingly, because neither party showed there was no question of fact regarding the road commission's statutorily required notice of an unsafe condition, both motions for summary disposition should have been denied by the trial court. [*Id.* at 169-170 (first emphasis added).]

Additionally, the Court concluded the opinion with the following summary of the plaintiff's burden: "To conclude, to defeat governmental immunity based on MCL 691.1402, a plaintiff must establish that the defendant knew or should have known about the defect and had notice that the defect made the road not reasonably safe and convenient for public travel." *Id*. at 170.

In reading the disputed language in context, it appears that the Supreme Court presented the burden at issue in this case, i.e., that a "plaintiff must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it," *id*. at 169, in light of the notice required to maintain a claim under the highway exception. Based on the first sentence of the paragraph and the clause immediately preceding the language at issue, the evidence that a plaintiff must present is evidence demonstrating that the defect *was of such a nature* that it would have been apparent to a reasonable road commission that the defect rendered the roadway not reasonably safe for public travel—meaning that it posed an unreasonable threat to safe public travel—such that, as a result of that understanding, the commission would have addressed the defect. This interpretation is consistent with the *Wilson* Court's statement earlier in the opinion that "MCL 691.1402 and MCL 691.1403 require that the governmental agency be aware that *the defect rises to the level that*, if not repaired, it unreasonably endangers public travel." *Id*. at 163 (emphasis added).

As a result, plaintiffs are correct that *Wilson* does not require them to proffer evidence that literally describes or proves what a reasonable road commission would do under the facts of the instant case, e.g., a series of affidavits prepared by road commissions or other governmental agencies regarding what they would have done if they were aware of the defect on which plaintiff was injured. Instead, to survive a motion for summary disposition, plaintiffs may submit evidence from which an inference may be drawn "that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." *Id*. at 169. See also *Jackson v Saginaw Co*, 458 Mich 141, 142; 580 NW2d 870 (1998) ("In reviewing a grant of summary disposition, an appellate court must view the evidence in the light most favorable to the nonmoving party, and make *all legitimate inferences* in favor of the nonmoving party.") (Emphasis added).[8]

---

[8] Although they are persuasive only and have no precedential effect, I note that several unpublished opinions issued by this Court also support the conclusion that plaintiffs' evidence was sufficient to create a genuine issue of material fact and that *Wilson* does not require plaintiffs to proffer evidence that literally describes or proves what a reasonable road commission would do under the facts of a particular case. See MCR 7.215(C)(1). In *Hampton v City of Southfield*, unpublished opinion per curiam of the Court of Appeals, issued December 18, 2012 (Docket No. 306322), pp 5-6, this Court affirmed a trial court's denial of a defendant's motion for summary disposition and concluded:

> With regard to whether the road was "in reasonable repair and in a condition reasonably safe and fit for travel," see MCL 691.1402, *the photographs themselves demonstrate a genuine issue of material fact*. A hole of that size clearly presents a danger to bicyclists, and it is a matter of common sense that it

Plaintiffs submitted photographs that clearly depict a significant, three-inch elevation difference between each lane of travel, created by a crack running down the middle of the roadway at issue in this case for what appears to be at least 50 feet or more. Especially given that "[t]his Court is liberal in finding genuine issues of material fact," *Jimkoski*, 282 Mich App at 4-5, I would find that plaintiffs' photographic evidence created a genuine issue of material fact by giving rise to a reasonable inference—contrary to Bartok's opinion in defendant's self-serving affidavit—that a reasonable road commission would have concluded that the road was not in reasonable repair, and instead, would have understood that the defect posed an unreasonable threat to safe public travel. *Opdyke Inv Co v Norris Grain Co*, 413 Mich 354, 360; 320 NW2d 836 (1982) ("A genuine issue of fact is created when the affidavits, pleadings, depositions, admissions and documentary evidence, viewed in the light most favorable to the party opposing the motion, *might permit inferences contrary to the facts as asserted by the movant.*") (Emphasis added). The determination that such an inference is reasonable is consistent with the trial court's opinion that the defect, as depicted in the photographs, was "absolutely" "unreasonably" unsafe. I fully agree with the trial court's characterization of the defect. Further, in light of the fact that the basis of defendant's motion for summary disposition was that plaintiffs failed to submit "any

---

> would also pose a potential danger to vehicle drivers attempting to avoid the hole. [Emphasis added.]

In *Martin v City of Ecorse*, unpublished opinion per curiam of the Court of Appeals, issued February 7, 2013 (Docket No. 305796), pp 3-4, this Court considered, as an issue of notice, whether the plaintiff had met the burden under *Wilson* that she "must present evidence that a reasonable road commission, aware of this particular condition, would have understood it posed an unreasonable threat to safe public travel and would have addressed it." This Court reversed the trial court's denial of the defendant's motion for summary disposition, concluding that the photographs submitted by the plaintiff—unlike the photographs submitted in the instant case— "fail[ed] to establish a genuine issue of material fact regarding notice" because they were "not taken at or near the time of her accident and [were] only presented to demonstrate the 'locus' of plaintiff's fall." *Id*. at 4. Notably, this Court did not state that photographs could not fulfill the burden articulated in *Wilson*. Likewise, in *Utley v Board of County Road Comm of Washtenaw Co*, unpublished opinion per curiam of the Court of Appeals, issued April 24, 2012 (Docket No. 303572), pp 2-3, this Court held:

> We find that, viewed in a light most favorable to plaintiff, the evidence was sufficient to create a relevant question of fact concerning whether the pothole amounted to a defect that a reasonable road commission would have understood "posed an unreasonable threat to safe public travel and would have addressed it." [*Wilson*, 474 Mich at 169.] It was uncontested that at the time of the crash, the pothole was very large. Bishop estimated that it was six inches deep and two to three feet wide, and other eyewitnesses agreed that the pothole was large. Plaintiff's expert, Edwin Novak, testified that the pothole was a "high level severity" pothole that had not been attended to by defendant. And, as noted, plaintiff lost control of her bike when her front tire hit the pothole and two of the other bikers who hit the pothole had trouble controlling their bikes.

evidence" that contradicted Bartok's opinion that the roadway was in a state of reasonable repair, the trial court erred in granting summary disposition to defendant because plaintiffs had proffered evidence that, when viewed in the light most favorable to the nonmoving party, established a genuine issue of material fact for the jury. *Haliw*, 464 Mich at 302 ("Summary disposition may be granted if the evidence demonstrates that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law."). Looking at the photographs of the defect, which are part of the record, reasonable jurors could certainly find that the roadway was not in a state of reasonable repair such that it was not reasonably safe and convenient for public travel. See MCL 691.1402(1). As such, I would reverse the trial court's order and remand for further proceedings.


/s/ Jane M. Beckering